Parker, C. J.
[After stating the facts found by the verdict or agreed by the pleadings.] At the time Cadwell took his deed from Samuel• Bosworth, he had full knowledge of the prior conveyance to George Bosworth; so that his title could not prevail against the prior deed, although not recorded when he took his conveyance; the transaction being clearly fraudulent between him and Samuel Bosworth. It is unnecessary to cite authorities to maintain this point. It has been repeatedly decided, and is well known as a rule of law, that a second purchaser shall not set up a title under a registered deed, against the first purchaser, whose deed was not registered, if he had knowledge of the prior conveyance. The cases cited in the argument put this in a clear point of view (8).
But Judd, when he purchased of Cadwell, did not know of the *346 defect in his title; or that there was any thing in the conduct of his grantor tending to impeach his conveyance. This must be taken as a fact, because there is no averment in the plea in bar, of knowledge in Judd. He held the estate, then, under his conveyance from Cad-well, purged of the fraud, which vitiated it in the hands [*419] of * Cadwell; as the assignee, for valuable consideration and Iona fide, would hold an estate conveyed to his grantor to defeat creditors (9).
This principle is just; for the honest assignee finds a good subsisting title on record in his grantor, pays him the value of the land, and is wholly ignorant of any circumstances, which contradict the apparent fairness of the title. In such case, the negligence of the first purchaser is the cause of the difficulty ; and although he shall not suffer, when his negligence is fraudulently taken advantage of by a subsequent purchaser, yet when a third party claims the land, deriving his title from him who, in the public registry, appears to be the lawful owner, negligence ought to turn the scale against the party who was guilty of it. This principle was settled in the case of The State of Connecticut vs. Bradish.
But when the demandant took his deed from Judd, he knew that Judd’s grantor, Cadwell, had knowledge of the conveyance to George Bosworth, which preceded his in point of time; and the question is, whether the knowledge of this fact alone defeats the estate in his hands, which was valid in the hands of Judd.
This is a new question, but, we think, easily settled. Had the demandant, with the knowledge of the facts, purchased directly of Cadwell, he would have taken nothing by his deed. The title of Cadwell would not be aided by a purchase under such circumstances. But the estate was in Judd indefeasible, except by his own act; it would have descended to his heirs, or might have been taken by his creditors. George Bosworth had lost all right, by omitting to register his deed. We cannot see, then, that the knowledge of an antecedent fact, which had lost its effect upon the title of the parties, can be material. It furnishes no proof of fraud on the part of the demandant, and it has no bearing upon the state of the title. He knows that the title was once defective, in one of the persons under whom he claims; and he also knows that the de- [ * 420 ] feet * was cured, and the stain upon the title effaced. There seems to be no reason why, as he is a bond fide purchaser oí him who had an unimpeachable title, he should not have that title unimpeached in his hands.

Judgment for the demandant.

 [In England, this is the rule in equity, but not at law. Doc, dem. Robinson, vs Allson 5 B. & Ald. 112. —Ed.]

 [Bean vs. Smith, 2 Mason, 252 : sed vide Preston vs. Crofut, 1 Con. Rep. 527 —Roberts vs. Anderson, 3 Johns. Ch. C. 371. —Ed.]