Parker C. J.
delivered the opinion of the Court. This case cannot be decided, we think, without a trial by jury, in order to ascertain some facts in controversy, which are essential to a correct view of the case.
In the first place, as to the plaintiffs’ title to the locus in quo, it depends first upon the conveyance by Williams to Newall, of the right to lodge his dam upon the west side of the stream. This instrument, we think, gave the right to fix the dam anywhere within the limits mentioned in the instrument ; and the change of its original position, acquiesced in by the proprietors of the land, was justifiable, and will be presumed to be according to the intention of the parties to the conveyance. This settles one point.
We also think that the objection to the instrument, because no consideration is mentioned in it, is invalid. The deed itself imports a consideration, and to avoid it as a voluntary conveyance fraudulent against subsequent purchasers, the party objecting must prove that no consideration was given.[1]
But the difficulty in this part of the case with the plaintiffs, is the want of notice of the existence of this right in them, when subsequent boni fide purchasers took their conveyance of the land on the west side, after Thayer, against whom, personally, notice is sufficiently proved. Whether those to whom Thayer conveyed are to be charged with notice, is matter for the jury. The facts of the existence of the dam at the time of their purchases and of the occupation of it under Newall, are not of themselves notice ; though with other facts which may be proved, they may be satisfactory evidence of notice. The fact, that the present defendant had direct notice when he purchased, is not conclusive against him, *343 according to the principle established in Trull v. Bigelow, 16 Mass. R. 406, which we believe to be approved law.[2]
The other branch of the case, which relates to the supposed right of the defendant under Rathbone to a tenancy in common with the plaintiffs, is also attended with difficulties, which can be removed only by a trial. Had Rathbone not stated, that whatever right he had, subsisted in a written agreement between him and Newall, the fact of his having aided in building the dam by paying for one half, and using it so long for his fulling-mill, would make it a fair case for the presumption of a grant. But there being such a writing, it ought to be produced, for it may so qualify Rathbone’s right, as to destroy any claim now under him. At the trial, it did not appear that the paper was lost, or that any pains had been taken to piocure it. On another trial, it may be produced by one party oi the other, for it is certainly doubtful on which side it will be favorable ; or the party seeking it may perhaps entitle himself to proof of the contents by Rathbone. Under these circumstances a trial must be had; which indeed was expected when the cause was opened the last time, it being taken from the jury, with a view to settle such questions of law as might arise out of controverted facts.

New trial granted.

 See Jack v. Dougherty, 3 Watts, 151; Den v. Ogden, 4 Wash. C. C. R. 139; Briggs v. French, 2 Sumner, 251; Green v. Thomas, 2 Fairfield, 338 Chitty on Contr. (4th Am. edit.) 4, note 2.

 See 1 Story’s Comm on Equity, 396, 415; Hagthorp v. Hook, 1 Gill & lohna. 270.