May Term,
1835.

PARKER
v.
SMITH.

Saturday,
June 6.

Saturday,
June 6.

PARKER *v.* SMITH.—In error.

Saturday,
June 6.

ACTION of disseisin for certain land which the plaintiff had purchased for taxes in 1827. *Held*, that the statute required the assessment-roll, and the advertisement of sale for taxes, to be filed in the office of the clerk of the Circuit Court; and that therefore the assessment of the tax, and the advertisement of sale, should be proved by copies certified, not by the clerk of the board of justices, but by the clerk of the Circuit Court.

*Held*, also, that under the statute of 1824, the defendant in

such case may prove, notwithstanding the collector's deed, that from the time the precept came into the collector's hands up to the time of the sale, there was sufficient personal property on the premises, out of which the taxes could have been made; and that there was also a tenant on the premises.

*Held;* also, that the collector's deed, under the above-named statute, furnishes no evidence that the tax had been legally assessed, or that it had not been duly paid, or that the land was not exempt from taxes.

*Held,* also, that under that statute, such a deed is *prima facie* evidence, and nothing more, of the regularity of the proceedings relative to the purchaser's title, so far as the acts of the collector are concerned (1).

*May Term, 1835.*

(1) In a case of a sale for taxes in 1826, it was held that though the collector's deed was *prima facie* evidence, under the statute, that the collector, *after the receipt of the precept requiring him to sell,* had done his duty relative to the sale, yet that the deed was no evidence that the collector had authority to sell; and that the existence of the precept, authorising him to act in the premises, must be proved *aliunde. Doe, d. Morris* v. *Himelick, May* term, 1838.

The language of the statute of 1824, so far as relates to the effect of the collector's deed as evidence of the regularity of the sale, is changed by the statute of 1831. The words of the latter statute are, that "such conveyance shall be *prima facie* evidence that the sale was regular according to the provisions of this act." Rev. Code, 1831, p. 436.

That part of the revenue law which authorises the collectors to sell lands for the non-payment of taxes is repealed. Stat. 1832, p. 265. The collector now, on or before the first of *December* annually, returns a list of the lands on which the taxes have not been paid, to the school commissioner of the proper county; and a period of three years from such return is given to the owner of any of the land on the delinquent list, to redeem the same by payment of the tax, &c. If payment be not made within the prescribed time, the school commissioner proceeds, according to the provisions of the statute, to cause the title of the land to be vested in the state for the use of the common schools of the county in which it is situated. Stat. 1832, p. 264, 265. Stat. 1835, p. 37. Vide *Dentler* v. *The State, Nov.* term, 1836; *Richardson's Heirs* v. *The State, Nov.* term, 1838.