Laraby v. Reid.

## Laraby v. Reid.

To defeat a sheriff's deed under the revenue law of 1844, it may be shown that the assessment list was not filed before June 15th, 1844; that the county and territorial list was not returned before the first Monday in January, 1845; and that the owner of the land had personal property in 1844 and afterwards. Greene, J., *contra.*

### Error *to Lee District Court.*

*Opinion by* Kinney, J. Reid sued Laraby in an action of right to secure certain lands described in his declaration. He relied upon the validity of a tax title deed. Having introduced the treaty of the 4th of August, 1834, between the United States and the Sac and Fox Indians, and the act of Congress of 30th of June, 1834, entitled "an act to relinquish the revisionary interest of the United States in a certain reservation lying between the rivers Mississippi and Des Moines," he then offered in evidence a deed dated on the 25th day of June, 1847, from Robert A. Russell, collector and treasurer for the county of Lee, which purported to convey the land in question to the plaintiff. This deed was made upon a sale for delinquent taxes for the year 1844. The defendant moved to exclude said deed as evidence of title because said order of sale therein recited, did not conform to the order prescribed by statute; but the court overruled the defendant's objection to which he excepted. The defendant then offered to show that the original assessment list was not filed in the office of the clerk of the county commissioner, on or before the fifteenth day of June, 1844, by the assessor, also that the levy of the tax of 1844, was unauthorized by law, also that the treasurer did not return his county and territorial list on or before the first Monday of January, 1845, also that there were in 1844 and afterwards, upon said premises personal property subject to execution and sale, sufficient to pay said taxes and

costs of 1844. To the admission of which evidence the plaintiff to each and every part thereof objected, and the court sustained the objection; to all of which defendant excepted. The court then instructed the jury that the papers and documents produced in evidence by the plaintiff showed that the legal title to the land in question was in the said plaintiff.

We think the court erred in excluding the testimony offered by the defendant. The collector's deed, at best, was but *prima facie* evidence of title, and the legality of all prior proceedings upon which it had to depend and rest for its vitality and support. The court should have permitted the evidence offered by defendant to rebut the *prima facie* case made by the deed, and to show that it had no foundation in law. The statute required certain things to be performed as conditions precedent to the sale and deed, none of which were conclusively proved by the recitals in the deed. If the defendant could show that any one of the essential requirements had not been observed by the officer, the sale was void ; the deed mere waste paper.

In all cases of this kind the courts with great uniformity, have held that a rigid compliance with the essential provisions of the statute was necessary to impart title. No legal presumptions, or intendments are favored. 7 Wend. 148 ; 13 ib., 465 ; 20 ib., 241 ; 7 Cow., 88 ; 4 Hill, 81, 84, 86, 99 ; 2 Ind., 424; 4 Peter's R., 349; 7 Howd., 181; 9 Howd., 258; 4 Scam., 69.

But the defendant offered to prove that he had personal property subject to execution at the time the land was sold for taxes. This the court should have permitted. Laws of 1844, p. 34, §§ 37, 47. *Stead* v. *Course,* 2 Peter Cond., 153. In this case the court not only hold to the above doctrine, but say that the collector must act in conformity with the law from which his power is derived, and the *purchaser* is bound to inquire whether he has so acted. See also on the subject of the levy and sale of personal property,

Laraby *v.* Reid.

*Thatcher* v. *Powell,* 5th Cond., 32, 33. *Gantlys, Lessee* v. *Ewing,* 3 Howd., 713; *Parker* v. *Smith,* 4 Black., 70. But as all the questions which are presented by this record, underwent a full examination by this court in the case of *Scott* v. *Babcock,*[*] recently decided, in the third district; it is not necessary to extend this opinion. The majority of the court are satisfied with that decision, which was made upon the most mature reflection, and after holding the case for several months under advisement.

Judgment reversed.

*Dissenting Opinion by* GREENE, J. The evidence offered against the sale and deed in this case was, I think, very properly ruled out by the court below, for two reasons.

1. If the party could prove the facts as he proposed, it could not invalidate the deed, because those facts would not indicate a material departure from the law; and the *parole* proof offered was in direct conflict with the records in the case.

2. The law expressly declares that "Sales made and deeds executed by treasurers as aforesaid shall have the same force and effect, and be of the same legal validity, as sales upon executions from district courts and deeds made by sheriffs upon such sales." Laws of 1844, 38, § 66. I regard the opinion in this case, and in *Scott* v. *Babcock,* as in direct conflict with the above section of the law and with the leading decisions in relation to judgment sales.

*Geo. C. Dixon,* for plaintiff in error.