## WILSON v. LEMON.

Tax Title.—The statute provides that the conveyance by the auditor of land sold for taxes shall be conclusive evidence that the sale was regular, according to the provisions of the statute. But the steps necessary to vest the power of sale in the collector must, it seems, be proven *aliunde* the deed of conveyance.

APPEAL from the *Laporte* Circuit Court.

GREGORY, J.— *Wilson* sued *Lemon*, in an action in the form of a bill to quiet title to certain real estate. He averred that he was the owner, (setting forth his title,) and that *Lemon* held a tax deed, and pretended to claim title under it, (setting it forth,) and that it was invalid for various alleged causes. Issues were made; trial by the court, and special finding of facts placed upon the records, and conclusions of law thereon; upon which a judgment was rendered for the defendant. The finding was as follows:

"1. That the lot in controversy was sold for taxes in the year 1847, and that, on the 21st day of *February*, 1850, a deed was executed by the auditor of *Laporte* county, to the defendant, on the surrender of the certificate of purchase given on the sale.

"2. The court finds that the list of taxes taken by the county auditor from the duplicate in the hands of the treasurer, which the said treasurer was unable to collect at their annual settlement, in the year 1846, was not signed by the treasurer, nor sworn to by him, as required by the laws of 1843, or of any law, but that it was proved by the oath of said treasurer on the trial that said list was correct.

"3. The court finds that the said sale for taxes was advertised for four weeks before the 25th day of *December*, 1846, but the date of the advertisement is not shown by any book or record in said auditor's office.

"4. The court finds that, on said list taken by the auditor from the treasurer's duplicate, no reason was noted by the auditor why the tax on the lot in controversy could not be collected as required by the laws of 1843, or of any other year.

"On the above facts the court holds the law to be, that the auditor's deed was conclusive evidence of title, and could not be impeached, and therefore that the evidence showing that the treasurer did not sign and swear to said delinquent list, and that the auditor did not note on said

list the reason why said tax was not collected, or that the sale was not legally advertised, were irrelevant.

"The court also holds that those irregularities, had the proof of them been relevant to the case, would have been sufficient to defeat the title under the tax sale. The court finds for the defendant."

The latter conclusion above quoted resulted, we suppose, from a consideration of numerous decisions which have been made, in reference to various *ex parte* proceedings, ministerial and judicial, by which the title to lands has been transferred, or attempted to be transferred, from one person to another.

Preliminary to an examination of the controlling conclusion arrived at in this case upon the facts found, we will advert for a moment to some of the decisions above alluded to.

In proceedings in attachment, it has been held: 1. In *O'Brien et al.* v. *Daniel et al.*, 2 Blackf. 290, as the affidavit did not state that the defendant was late of the county, in accordance with the statute, that therefore the judgment was wrong; and the court say: "The *ex parte* nature of these proceedings requires a strict compliance with every statutory requisition."

So, in *Leach* v. *Swann*, 8 *Id.* 68, it did not appear whether the person who assisted the sheriff in making an inventory and appraisement of the property, etc., was a householder of the county, as required by the statute. It is said, it should have been shown "that the requirements of the statute had been strictly complied with."

So, in *Maruine* v. *Murphy*, 8 Ind. 274, it was held that as the statute required the bond to be in double the sum claimed, the judgment was erroneous, the bond being in the sum of $780, and the claim for $392. It is said: "Proceedings in attachment being *ex parte*, great strictness is required. The judgment in such cases will be reversed for small deviations from the statute."

So, in *Willets* v. *Ridgway*, 9 Ind. 368, it was held that

the sheriff's return to a writ was insufficient, because it did not show that search had been made for personal property, and none found, or if found taken, in view of the statute, which required that "personal property shall be first taken," etc.

So, in *Porter* v. *Byrne,* 10 *Id.* 147, a sheriff's return was held insufficient, and a sale under it void, where it stated the levy on the half of a lot, without stating which half, and that parol evidence was not admissible to show which half, etc., on the ground that "the proceedings in attachment are matters of record, and where the law requires an entry to be made in a court of justice of particular transactions, the official entry excludes all independent evidence of the transaction."

The question presented by the finding of the court is, whether our statute, in reference to the degree of credibility to be attached to the auditor's deed and its recitals as evidence, is such as to preclude the introduction of evidence to show non-compliance with positive statutory requirements, or to change the current of decision on such *ex parte* proceedings. The point is not as to whom the burden of proof is upon to show such non-compliance, but whether such proof is relevant at all. [1]

The statute in force at the time of this sale is as follows: "Such conveyance shall be executed by the county auditor, under his hand and seal, and the execution thereof shall be witnessed by the county treasurer, and *shall be prima facie* evidence that the sale was regular, and of a good title in such grantee, his heirs and assigns, according to the provisions of this chapter." R. S., 1843, p. 227, sec. 115.

In the case of *Wiggins and Others* v. *Holley and Others,* 11 Ind. 2, this court held that a claimant under a tax title must prove that all the requirements of the statute have been complied with.

---

[1] Thus far the opinion was prepared by *Hanna,* late Chief Justice.

The statute under which this decision was made provided that "the said collector or his successor shall, after the expiration of the said two years, execute to the said purchaser, his heirs or assigns, in the name of the state of *Indiana,* a conveyance of the lot or tract of land so sold as aforesaid, and mentioned in said certificate, which conveyance shall vest in the person to whom it is given an absolute estate in fee-simple, subject to the claims of the state or county, for all taxes, costs, and charges accrued upon such lot or tract of land after such sale as aforesaid, *and such conveyance shall be conclusive evidence that the sale was regular according to the provisions of this act.*" R. S., 1824, p. 344, sec. 12.

The steps necessary to vest the *power of sale* in the collector, it seems, must be proven *aliunde* the deed of conveyance. See *Parker* v. *Smith,* 4 Blackf. 70; *Doe ex dem. Morris* v. *Himelock, Ib.* 494.

At all events, the special findings of fact of the judge below are relevant. If we were to hold otherwise, it would reverse almost the entire series of decisions of this court in tax-title cases.

It is claimed that the general finding for the defendant must stand, notwithstanding the special findings, for the reason that the plaintiff's title is not found; but we think that the finding "for the defendant" was intended by the judge to be the corollary of the special finding.

The judgment of the Circuit Court is reversed; cause remanded for a new trial, in accordance with this opinion. Costs here.

*John B. Niles,* for appellant.
*Bradley & Woodward,* for appellee. -