## BROWN ET AL. *v.* KEYSER.

REVIEW OF JUDGMENT.—*Partition.*—*Infancy.*— An infant defendant in a proceeding for the partition of real estate, who is not served with summons notifying him of its pendency, and whose guardian does not attend and approve the partition, he and his guardian having no actual knowledge of the proceeding until after its determination, may not have a review of the partition within one year after the removal of his disability, without showing sufficient cause.

SAME.—*Appeal.*—*Final Judgment.*—A judgment in a proceeding to review a former judgment, either granting or refusing the review, puts an end to the action for a review, and is a judgment from which an appeal will lie to the Supreme Court.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane,* for appellants.

*W. Garver* and *J. S. Losey,* for appellee.

WORDEN, J. — This was a complaint by the appellee,

Henry T. Keyser, to review a certain judgment and proceedings in partition. The ground upon which the review was sought was the alleged inequality and unfairness of the partition, brought about, as is alleged, by the fraud of some of the parties; and the fact that no summons was served on the appellee, Keyser, in the partition suit; that he had no notice of the suit; that he was then a minor; and that his guardian did not attend and approve the partition.

Issues of fact were formed, and the cause was tried by the court, who, at the request of the defendants, made a special finding of the facts and conclusions of law thereon, as follows:

"1. That, at the date of the commencement and determination of the partition proceedings sought to be reviewed in this cause, the plaintiff was, and still is, an owner of the share of said lands alleged in the complaint herein.

"2. That, at the commencement and determination of said partition proceedings, said plaintiff was under twenty-one years of age; that he was not served with summons notifying him of the pendency of said proceedings; that his guardian did not attend and approve said partition; and that neither the guardian of the plaintiff nor the plaintiff had any actual knowledge of the pendency of said partition proceedings, until after the same were determined; but that there was a publication, as shown in the record of said proceedings sought to be reviewed.

"3. That this suit for a review of said partition proceedings was commenced within one year after the removal of said disability of said plaintiff."

These findings are signed by the judge; then follow the conclusions of law thereon, also signed by the judge, viz:

"And the court further finds, as the conclusions of law arising upon said facts, that the said Henry T. Keyser is entitled to a review of the said partition proceedings and judgment therein. To all of which conclusions of law the defendants excepted at the time."

This is followed by a judgment that the proceedings and

ljudgment in the partition suit be reviewed, opened up and set aside, and declared null and void; and that said cause be placed upon the docket for trial and determination, etc.

It is assigned for error, amongst other things, that the court erred in its conclusions of law upon the facts found, and this is the only error that we need to examine.

It will be seen that no facts were found that in any way impugn the fairness and justness of the partition made, nor is the alleged fraud found. It is found that the appellee, Keyser, was not served with a summons in the partition suit, and that he had no actual notice thereof until the proceedings had terminated, but this does not exclude the inference that he may have been properly notified by publication. There is in the findings no cause established for the review. But it is argued by the appellees that Keyser was entitled to a review without showing cause. This argument is based upon the last section of the act on the subject of partitions (2 G. & H. 366, sec. 29), which reads as follows:

"Upon showing sufficient cause, any person not served with summons may, within one year after such partition is confirmed, appear and open the proceedings and obtain a review thereof, and, also, any person of unsound mind or any infant whose guardian did not attend and approve such partition, may, within one year after the removal of his disability, have a review of such partition."

It is claimed that the words "upon showing sufficient cause," as used in the statute, do not apply to persons of unsound mind and infants, and that an infant whose guardian did not attend and approve the partition may have a review, within the year, without showing any cause. We, however, are of a different opinion. In our opinion, taking into consideration the language of the statute, as well as the purpose evidently had in view by the legislature, that body did not intend to give an infant, where his guardian did not attend and approve the partition, the right of review within a year after coming of age, without cause, but only for cause. If infants, whose guardians do not attend and approve parti-

tions, may, within the year after coming of age, without cause, have a review of proceedings in partition, and go over the ground again, and have new partitions made, it would seem that little good could result from making partitions of lands belonging to infants in whole or in part, unless their guardians attend and approve the partitions.

We are of opinion that the court erred in its conclusions of law upon the facts found, and that, on the facts found, the defendants in this action were entitled to judgment.

A preliminary question has been made by the appellee that should be noticed before closing this opinion. It is claimed that the judgment was not a final one from which an appeal lies to this court. But we are of opinion that the judgment was final, and that the appeal lies. A judgment for or against a review of a former judgment puts an end to the action for a review. If the judgment is against the review, the whole proceedings are at an end. If the judgment is for the review, as in this case, the action for review is ended, and no further proceedings are to be had in that action. Any further proceedings contemplated are to be had in the original action, and not in the action for review.

The judgment below is reversed, with costs; and the cause is remanded for further proceedings, in accordance with this opinion.