No. 8069.

## LEECH *v.* PERRY ET AL.

REPLEVIN BAIL.—*Recognizance.*—A recognizance of replevin bail upon the docket of a justice of the peace, signed in the absence of the justice, but afterwards, and before the expiration of the stay, acknowledged by the surety before the justice, and then attested by the latter, binds the surety.

REVIEW OF JUDGMENT.—*Pleading.*—In an action to review a judgment, where the complaint sets out the complaint in the original cause, the answer thereto, a demurrer to a paragraph of the answer with the ruling thereon, the trial, verdict and judgment, the latter being the logical and legal result of what precedes it, it will be presumed, on demurrer, that this is a full record of the original cause, and a direct averment of that fact is not necessary.

SAME.—*Practice.*—In such case, the defendant can not be permitted to amend his pleadings in the original cause.

SAME.—*Judgment on Demurrer.*—When a demurrer is overruled to a complaint to review a judgment for an error of law apparent upon the record, and the defendant does not offer to answer, it is not error to render final judgment of reversal, upon the demurrer, without first entering a rule to answer.

SAME.—*Judgment on Reversal.*—An action for review, when successful, does not finally dispose of the original cause; it merely reverses the judgment and leaves the cause to proceed again. A judgment of reversal in the following terms, though informal, is therefore sufficient: "Final judgment is rendered for the plaintiffs and the defendant * pay all costs."

From the Union Circuit Court.

*L. H. Stanford* and *W. M. Casterline*, for appellant.
*T. W. Bennett* and *J. F. Robbins*, for appellees.

MORRIS, C.—The appellees brought this suit against the appellant to review a judgment obtained by him against the appellees, perpetually enjoining them from collecting from the appellant a certain judgment rendered by a justice of the peace in favor of the appellee Perry, against Alfred Burk and Levi D. Scudder, on which the appellant became replevin bail.

The complaint states, that on the 7th day of December, 1877, said Perry recovered before J. H. Johnson, a justice

of the peace of Centre township, Marion county, Indiana, a judgment against said Burk and Scudder for the sum of $194.01, and costs taxed at $3.50; that on the 15th day of December, 1877, the appellant became replevin bail on said judgment; the judgment and recognizance of bail are set out in full, including the complaint and proceedings before the justice; that an execution was issued on said judgment and recognizance of bail and delivered to the appellee Galbaugh, who, as constable, had levied the same on the goods of the appellant as such replevin bail; that afterwards, on the 13th day of December, 1878, the appellant commenced an action against the appellees in the Marion Circuit Court, to restrain and perpetually enjoin them from further proceedings on the said execution against him, setting forth the complaint, a motion to strike out portions of it, the overruling of the motion and exception, the demurrer of the appellees to the complaint, the judgment of the court overruling it and the exception of the appellees, their answer in two paragraphs to the complaint, the appellant's demurrer to the second, the judgment of the court sustaining the demurrer and their exception, the trial and judgment of the court granting the injunction against the appellees, perpetually enjoining them from proceeding any further on said execution against the appellant.

The appellees averred that the court, in said proceedings to enjoin them from proceeding to collect said judgment, erred,

1st. In overruling their demurrer to the complaint;

2d. In sustaining the demurrer to the second paragraph of their answer;

3d. In rendering judgment in favor of the appellant.

The appellant demurred to the complaint of the appellees on the ground that it did not contain facts sufficient to constitute a cause of action. The court overruled the demurrer, and rendered final judgment for the appellees. The

appellant asked leave to amend his complaint in the action sought to be reviewed.　The court refused leave to amend, and he then prayed an appeal to this court.　He assigns errors as follows :

1st.　The court erred in overruling his demurrer to the complaint.

2d.　The court erred in rendering final judgment without an issue in the cause ;

3d.　The court erred in refusing to allow the appellant to amend his original complaint, and make up an issue ;

4th.　The court erred in rendering final judgment without first making a rule to answer the complaint ;

5th.　That the complaint does not state facts sufficient to constitute a cause of action ;

6th.　That the judgment of the court is void.

It is objected to the complaint, that it does not contain a full and complete record of the judgment and proceedings sought to be reviewed.　It sets out the complaint, the appearance of the defendants, their motion to strike out parts of the complaint, and the action of the court upon it, their demurrer to the complaint, the judgment of the court upon the demurrer, the answer of the defendants to the complaint, the demurrer of the appellant to the second paragraph of the answer, the judgment of the court upon the demurrer, the trial, finding and judgment of the court in favor of the appellant, the order of injunction and service of the same. We think that it sufficiently appears that a full record of the proceedings sought to be reviewed is contained in the complaint.　Where, as in this case, the pleadings filed, the rulings, orders and judgment of the court are set forth in the complaint, it is not necessary to aver that such pleadings, orders, rulings and judgment were all the proceedings in the cause.　The record is apparently complete.　The final judgment appears to be the logical and legal conclusion deducible from the pleadings, issues and trial set forth in the

complaint. It will not be presumed, under such circumstances, that other, and apparently unnecessary, pleadings were filed in the cause.

It is also insisted, that the demurrer to the complaint should have been sustained, because the errors complained of are not assigned with sufficient certainty. One of the errors assigned is, that the court erred in sustaining the demurrer to the second paragraph of the appellees' answer to the appellant's complaint in the suit sought to be reviewed.

The appellant's complaint stated that the appellant had signed the recognizance of bail in the absence of the justice, and when he was out of the State, and that he had not, at any time or place, acknowledged the same before said justice, or any one authorized by law to accept said recognizance. The second paragraph of the answer of the appellees admitted that the recognizance had been signed by the appellant, as stated in the complaint, but averred further, that afterward, and before the expiration of six months from the rendition of said judgment, the period allowed by law for stay of execution in the case, the appellant had acknowledged said recognizance before said justice, and that the justice attested the same on the 31st day of August, 1878. This error was assigned with sufficient certainty, and the court erred, we think, in sustaining the demurrer to the second paragraph of the answer of the appellees to the complaint for an injunction. Though the appellant signed the recognizance of bail in the absence of the justice, yet, if he afterward went before the justice and acknowledged the recognizance as his act, and that, too, before the time for the stay of execution had expired, the recognizance was just as valid and binding as if it had been signed at the time it was so acknowledged. Assuming the complaint for an injunction to be sufficient, the answer was also sufficient, and the court erred in sustaining the demurrer to it. This error is apparent upon the record of the injunction proceedings, and

for that reason, if no other, the complaint to review was sufficient, and the demurrer to it properly overruled. The recognizance of bail is not invalid because it was not attested by the justice at the proper time. *Miller* v. *McAllister*, 59 Ind. 491. It is the privilege of the judgment debtor to put in bail. He procured the appellant to enter into this recognizance. Both the justice and the judgment creditors have assented to it, and he should not complain if held to be bound by it.

The second and fourth errors assigned by the appellant are, in substance, the same. The one alleges that the court erred in rendering final judgment without an issue, and the other that it erred without taking a rule against the appellant to answer.

The complaint in this case was filed to review the original judgment for error apparent upon its face. The issue tendered by the appellant's demurrer was one of law, and its determination ended the proceedings to review, unless the appellant desired to put in an answer of *nul tiel record*, or other matter which would bar an appeal. *Richardson* v. *Howk*, 45 Ind. 451. The appellant did not ask leave to do this, and we can not say that the court erred in not entering a rule against him, or in rendering final judgment. Unless the appellant desired to plead, and asked leave to do so, it was proper to render final judgment upon the overruling of the demurrer to the complaint. The presumption is in favor of the action of the court; and, the record not showing that the appellant desired to plead over, he will be presumed to have waived his right to do so.

The third error assigned is the refusal of the court to grant leave to the appellant to amend his complaint in the original action. As we have seen, the ruling of the court upon the appellant's demurrer to the complaint left nothing further to be done in the proceedings to review, except to pronounce the final and formal judgment. The leave to

amend the original complaint could neither be asked nor granted as a part of the proceedings to review. *Brown* v. *Keyser*, 53 Ind. 85. There was no error in this.

The fifth error assigned is, in substance, the same as the first and has been already considered.

The sixth error is, that the judgment rendered by the court is void.

It is not the purpose of the judgment in the proceedings to review, to finally dispose of the action reviewed. It reverses and sets aside the judgment in the original action, just as would a judgment of reversal in this court, leaving the action to proceed as if no trial had taken place.

The judgment is quite informal, and in these words: "And the court overrules the defendant's demurrer, and the defendant excepts; the perpetual injunction hereinbefore granted is set aside, and the defendant asks leave to amend his original complaint, which leave the court refuses to grant, and the defendant excepts; and final judgment is rendered for the plaintiff, and the defendant Leech pay all costs, and defendant excepts."

We think this sufficient, and that it operates as a judgment, reversing the judgment in the cause under review and setting aside the injunction at the costs of the appellant. It does not, however, nor does it purport to, dispose of the original cause. That remains to be hereafter disposed of.

We think there is no available error in the record.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.