Keepfer v. Force. ·

No. 9994.

KEEPFER v. FORCE.

REVIEW OF JUDGMENT.—*Appeal.*—Where, in a proceeding to review a judgment for error of law, the judgment is reversed, an appeal from such judgment of reversal lies to the Supreme Court.

PLEADING.—*General and Special Averments.*—*Complaint to Quiet Title.*—A complaint to quiet title, which avers generally that the plaintiff is seized in fee simple, and then proceeds to set forth the facts which constitute his title, is bad on demurrer, if the facts so stated do not show title in him.

SAME.—*Tax Title.*—An averment in a complaint in an action to quiet title to real estate, that the plaintiff " claims title by a tax deed and sale by the county auditor of P. county (where the lands are), which deed is recorded," etc., is insufficient to show title in him.

TAX DEED.—*Description.*—*Mistake.*—*Reformation.*—A deed to a purchaser for taxes which, by mistake of the county auditor, erroneously describes the land, can not be reformed by suit.

SAME.— *County.*—Where section, township and range are given by numbers, in a deed of lands, it is not necessary that the county where the lands are situated should also be given.

From the Pulaski Circuit Court.

*N. L. Agnew* and *J. C. Nye,* for appellant.

*W. Spangler,* for appellee.

FRANKLIN, C.—This is an action by appellee to review a judgment obtained by appellant against appellee.

A demurrer to the complaint was overruled, and judgment of review rendered, setting aside the former judgment. The errors assigned are the overruling of the demurrer to the complaint for review, and rendering judgment for appellee.

The complaint for review contains numerous alleged errors as occurring at the original trial and proceedings therein, but none of them appear to have been excepted to or reserved, except the overruling of the demurrer to the original complaint; and that presents the only question of error properly before us, or that has been discussed by counsel.

As a preliminary question, appellee's counsel contends that on a complaint to review, where the plaintiff is successful, an appeal to this court does not lie; that the effect of the judgment of review is simply to grant a new trial, and the original cause stands for trial again as though no trial had been had; that the proceedings therein, if tested in this court, must come up with an appeal from a final determination of the new trial of the original cause; and, in support of this position, we have been referred to the cases of *Richardson* v. *Howk,* 45 Ind. 451, and *Leech* v. *Perry,* 77 Ind. 422. Neither of these cases supports appellee's position. In both cases the appeals were entertained and passed upon. It is said in the latter case that "It is not the purpose of the judgment in the proceedings to review, to finally dispose of the action reviewed. It reverses and sets aside the judgment in the original action, just as would a judgment of reversal in this court, leaving the action to proceed as if no trial had taken place." And the court

further said: "The issue tendered by the appellant's demurrer was one of law, and its determination ended the proceedings to review, unless the appellant desired to put in an answer." But in the case of *Brown* v. *Keyser*, 53 Ind. 85, this question was expressly decided against appellee's position. The court held that a judgment in a proceeding to review a former judgment, either granting or refusing the review, puts an end to the action for a review, and is a judgment from which an appeal will lie to the Supreme Court. We think this case settles the question, and that an appeal in such cases can be taken to this court.

The principal question in controversy is, did the court below err in overruling the demurrer to the complaint in the original suit? The complaint reads as follows: "Said plaintiff, for amended complaint herein says, that he is the owner in fee simple of the following described real estate in Pulaski county, in the State of Indiana, to wit: The north half of the northwest quarter of section eleven (11), township thirty-one (31) north, range two (2) west; and that he is in possession of said real estate; that he claims his title by, through and in virtue of a tax deed and sale from and by the county auditor of Pulaski county, Indiana; which said deed is recorded in the recorder's office of Pulaski county, in record No. 1, page 320; and was recorded within forty-five days from the date thereof; that, by a mistake of said county auditor, the county and State in which said land is situated were omitted in said deed; and plaintiff avers that the land described and conveyed in said deed is situated in the said county of Pulaski and State of Indiana, which is more fully shown by the tax duplicate on file in said auditor's office for the year 1873; which said tax duplicate is referred to in said deed as containing a description of the land conveyed in said deed; that the defendant herein claims some interest in said real estate adverse to the title of this plaintiff, which said claim of title is unfounded, and defendant is made a defendant herein to answer as to his interest in said real estate. Plaintiff avers

that, by reason of the premises therein a cloud upon his title to said real estate exists. Wherefore he prays the court to reform the said mistake in said deed, so that said land may be shown to be situated in the county of Pulaski and State of Indiana; and that his title be quieted and set at rest, and that the defendant be forever enjoined and estopped from setting up any claim to said lands, and for all other proper relief."

The court only rendered judgment quieting title to the lands, but, on the complaint to review, held the original complaint insufficient, and set aside the judgment.

If appellant, in his original complaint, after averring that he was the owner in fee simple, and in possession, of the land in controversy, and that the defendant claimed some interest therein, which was a cloud upon his title, had stopped with such averments, and prayed that his title be quieted, he would doubtless have stated a good cause of action; but, not content with such averments, he undertook to state the facts constituting his ownership and title, and upon which said general averments were based; and, having undertaken this, in order to make a good complaint he must state facts enough to constitute a good title. The rule that the special facts may be disregarded as surplusage, and the general averments alone considered, does not apply where what is stated generally is made to depend upon the special facts stated. In such cases, the special facts operate as a limitation upon the general averments, and the general averments must be regarded as conclusions from the special facts stated. We think the complaint in this case falls under this class of pleading.

A statute which goes to divest the title of the citizen to real estate, although it may be for the public good, must be strictly construed.

A party setting up title under a sale for taxes must show that every provision of the statute under which the sale was made has been complied with. *Ellis* v. *Kenyon*, 25 Ind. 134. A claimant under a tax title must prove that all the re-

quirements of the statute have been complied with.    *Wiggins*
v. *Holley*, 11 Ind. 2.

Notwithstanding the provision of the statute, R. S. 1824,
p. 344, sec. 12, that "such conveyance shall be conclusive ev-
idence, that the sale was regular according to the provisions
of this act." "The steps necessary to vest the *power of sale*
in the collector, it seems, must be proven." *Wilson* v. *Lemon*,
23 Ind. 433.    *Parker* v. *Smith*, 4 Blackf. 70.

In the case of *McEntire* v. *Brown*, 28 Ind. 347, it is stated
that "The deed itself was the only evidence offered of the
facts necessary to authorize a sale for taxes, and it was utterly
silent as to many of those, the proof of which has been re-
peatedly held by this court, and by all courts, to be essential
to maintain the validity of such a sale.    But the court in-
structed the jury that the tax deed 'is presumed to be legal, so
far as is shown by the evidence in this cause.'    This was mani-
festly incorrect, and in conflict with all the authorities."

In the case of *Steeple* v. *Downing*, 60 Ind. 478, 501, this
court said : "We take it to be clear, that the provision that the
conveyance shall vest in the grantee an absolute estate in fee
simple, has reference to the quantity of estate to be conveyed
by such deed, and can not be taken to mean that such estate
shall vest in the grantee unless the law has been complied
with, in the steps required to be taken to authorize the sale, and
in the making of the sale.    The deed is not conclusive or
*prima facie* evidence of anything but the facts recited therein.
Hence, every fact necessary to constitute a valid sale, not re-
cited in the deed, must be otherwise shown, or no title will
be conferred by the deed."    And the cases of *Gavin* v. *Shu-
man*, 23 Ind. 32, and *Ellis* v. *Kenyon*, 25 Ind. 134, are re-
ferred to in support thereof.

The complaint under consideration does not state the date
of the sale or under what statute the deed was made ; it only
refers to the duplicate of 1873, containing a description of
the land sold.

The 224th section of the act of December 21st, 1872, 1 R.

S. 1876, p. 123, provides that " such deed shall be conclusive evidence of the truth of all the facts therein recited, with the exception of the fact that payment of the taxes for which the lands named therein, were sold had not been made by or on behalf of the proper owner of such lands in due time, and to the proper officer; of which last named fact such deed shall be held as *prima facie* evidence, and no more." This statute is similar to the one under which the decision was made in the case of *Steeple* v. *Downing, supra.*

The deed is not made a part of the complaint or record, and we can not tell what facts are recited in it so as to make them conclusive or *prima facie* evidence, or what necessary facts are omitted in the deed · that are required to be shown otherwise than by the deed. The mere allegation of holding a tax deed is not a sufficient averment that the land is owned thereby in fee simple. This court has held that a tax deed alone, which does not recite that there was no personal property, is not sufficient without further proof. *Woolen* v. *Rockafeller*, 81 Ind. 208; *Smith* v. *Kyler*, 74 Ind. 575.

As a compliance with the provisions of the statute must be shown in order to recover the land on a tax deed, and that a deed alone that does not recite such compliance is inadmissible in evidence unless such compliance is otherwise proven, a complaint based upon a tax deed, without averring a compliance with the necessary provisions of the statute, or that the deed recites such compliance, and the deed is not made a part of the complaint, is insufficient to show a good title that ought to be quieted.

As to that part of the complaint which seeks a reformation of the deed, we think it is also insufficient. There was no mutual mistake alleged that could be corrected; or that the deed was anything different from what the grantee knew it was at the time he received it. *Nelson* v. *Davis*, 40 Ind. 366.

The reformation of an instrument is an equitable proceeding, and in this no equity is shown by the complaint. It does not show that the land was subject to taxation; that it had

been assessed; that the tax had not been paid; that it was returned delinquent; that appellant had paid anything for it, or any other fact creating an equity that would require a reformation of the deed.

A tax sale partakes of the nature of a judicial sale. It is a sale made by operation of law, in which the owner of the land does not participate, and in which there can be no mutual mistake between him and the purchaser. Judicial sales, as a general proposition, are not subject to correction by reforming the deed. *Rogers* v. *Abbott*, 37 Ind. 138; *Miller* v. *Kolb*, 47 Ind. 220. And the reasons alleged show no necessity for the reformation. If the land is in this State, the town and range being given in the deed fixes the land in the proper county. The facts that the auditor of the county sold the land for taxes, and executed the deed, raise a sufficient presumption that the land is in this State. See the case of *Dutch* v. *Boyd*, 81 Ind. 146, and authorities cited.

No question is made as to recovering back the money paid on the taxes, or to have it declared a lien upon the land.

We think the complaint in the original cause is not sufficient to maintain the action; that there is no error in the overruling of the demurrer to the complaint for a review of the judgment. The judgment in the proceedings to review ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below in proceedings to review be and it is in all things affirmed, with costs.