No. 10,418.

## PIPER ET AL. *v.* FORCE.

MORTGAGE.—*Foreclosure.*—*Grantee of Mortgagor.*—*Answer.*—*Evidence.*—*Burden of Issue.*—Where suit is brought to foreclose a mortgage against the mortgagor and his grantees, and the grantees alone appear and allege, in their answer, that they are innocent purchasers, in good faith and for full value, of the mortgaged premises, and have fully paid the purchase-money, and that, in making such purchase, they relied upon the validity of a certain judgment quieting the mortgagor's title against the plaintiff in this suit, to which answer a reply in denial was filed.

*Held*, that the burden of the issue was on the defendants, and, as they introduced no evidence tending, even remotely, to prove any one of the facts stated in their answer, their motion for a new trial was correctly overruled.

From the Pulaski Circuit Court.

*N. L. Agnew,* for appellants.

*W. Spangler,* for appellee.

HOWK, J.—This was a suit by the appellee, Force, against the appellants Andrew J. Piper, Jesse Piper and Ferdinand Kupfer, to foreclose a certain mortgage on real estate, and to collect the debt thereby secured. The mortgage and notes in suit were executed by the appellant Kupfer to one Richard Miskimmius, and were by him assigned by endorsement in writing to the appellee. It was alleged in the complaint that

the mortgage was duly recorded in the recorder's office of Pulaski county, and that the appellants Piper and Piper, who claimed to be the owners of the mortgaged premises, purchased the same after the record of the mortgage and with notice thereof. The issues in the cause were tried by the court, and a finding was made for the appellee, and, over a motion for a new trial, the court rendered judgment accordingly.

The only error assigned by the appellants, in this court, is the overruling of their motion for a new trial. The only question discussed by appellants' counsel, in his brief of this cause, is the alleged insufficiency of the evidence to sustain the verdict. In the second paragraph of their answer, the appellants Piper and Piper alleged that before the commencement of this suit, John Kupfer instituted an action against the appellee, Force, alleging in his complaint therein that he, Kupfer, was the owner in fee simple of the real estate covered by the mortgage now in suit, and that Force claimed an interest in or title to such real estate adverse to Kupfer's title, but that such claim was unfounded, and praying that his, Kupfer's, title to and interest in such real estate might be quieted and forever set at rest as against the appellee, Force; that such proceedings were had in said action that, at the January term, 1879, of the court, a judgment was therein rendered by the court that Kupfer's title in and to such real estate should be quieted and set at rest, as against the appellee, Force, and that he, Force, should be enjoined from asserting any claim or title in or to such real estate as against said Kupfer; that the lien of the mortgage now in suit was, or might have been, adjudicated and determined in said action, Force's interest in such real estate, if any, having arisen prior to the commencement of the action, and that the action was brought to determine the lien of Force's mortgage and to quiet the title against it; that the appellants Piper and Piper were the owners of the mortgaged premises, under a warranty deed from the mortgagor Kupfer and his wife, dated August 26th, 1879, subsequent to the rendition of said judg-

ment quieting Kupfer's title against the appellee Force, and that they fully paid the full value of said premises to said Kupfer, and that they bought the premises in good faith, believing that Kupfer had a valid title thereto, free from all liens and encumbrances, and relying on the validity of the judgment quieting his title; that after they, Piper and Piper, purchased such real estate and became the owners thereof, the appellee, Force, filed his complaint to review such judgment, and at the January term, 1882, of the court, a judgment was thereon rendered for the review of the former judgment; that Kupfer was the sole defendant to such complaint for review, and had appealed from the judgment thereon rendered to the Supreme Court and, within the proper time, had filed his bond for the stay of further proceedings on such judgment, under the order of the court, to the approval and satisfaction of the clerk, and had, within the time provided by law, filed a transcript of such judgment in the Supreme Court, where the said cause was then pending, and that, in that action, the lien of the appellee's mortgage might be determined; wherefore the appellants asked that no further action should be taken in this cause until the determination of such appeal by the Supreme Court. The appellee replied to this paragraph of answer by a general denial.

In discussing the sufficiency of the evidence the appellants' counsel says: "Does the evidence prove that there is another action pending for the same cause between the same parties? Does the proof sustain the defendants' answer? And, if so, does it entitle the defendants to the relief prayed for? We certainly think these questions should be answered in the affirmative, and we invite the consideration of the court to the answer, and to the defendant's evidence set out in the bill of exceptions."

We have given proper consideration to the appellants' answer, and to all the evidence appearing in the record, and our conclusion is that each of the questions propounded by counsel ought to be and must be answered in the negative. The

action now pending and the action' mentioned in the answer are not for the same cause, and certainly are not between the same parties. This is shown by the averments of the answer. The fundamental facts alleged in the answer are, that the appellants Piper and Piper are innocent purchasers, in good faith and for full value, of the mortgaged premises; that they have fully paid the purchase-money, and that, in making such purchase, they relied upon the validity of the judgment quieting the title to such premises. There is no evidence in the record tending, even, to prove any one of these facts. On the contrary, there is evidence in the transcript from which the trier of the facts might have found that Piper and Piper, in their purchase of the mortgaged premises, were mere volunteers. We may add, in this connection, that in the case appealed to this court, mentioned in the appellants' answer, the judgment below was affirmed, and the opinion of this court is reported under the title of *Keepfer* v. *Force*, 86 Ind. 81.

We are of the opinion that, while the evidence fully sustains the appellee's cause of action, there is an absolute failure of evidence in support of the appellants' defence. Therefore, the court did not err in overruling the motion for a new trial.

The judgment is affirmed, with costs.

Filed Nov. 22, 1883.