## RAPP v. HARROLD.

[No. 12,510.    Filed December 21, 1926.]

1. APPEAL.—*Overruling demurrer to paragraph of answer in suit to quiet title held not prejudicial.*—Since all defenses are admissible under a general denial in a suit to quiet title, overruling a demurrer to a special paragraph of answer could not have been prejudicial where no evidence was admitted that would not have been admissible under the denial pleaded. p. 496.

2. PLEADING.—*Permitting amendment to cross-complaint after trial authorized by statute.*—Permitting amendment of cross-complaint which did not change the nature of the cross-suit was not error, although made after the trial, as it is expressly authorized by statute (§423 Burns 1926).    p. 496.

3. ADVERSE POSSESSION.—*Adverse possession may defeat a record title.*—A complete record title, though the highest evidence of ownership, may be defeated by proof of adverse possession for the required period of time.    p. 497.

4. ADVERSE POSSESSION.—*Judgment in favor of defendant sustained by proof of adverse possession.*—In a suit to quiet title, the evidence showed that the defendant took possession with the intention to claim the land as his own, built fences, cleared the land, and openly used it for more than twenty years in exclusion of all others.    *Held* that a judgment quieting title in him, on his cross-complaint, was sustained by the evidence.    p. 497.

From Whitley Circuit Court; *Arthur F. Biggs*, Judge.

Action by John H. Rapp against Frank Harrold to quiet title, in which the defendant filed a cross-complaint. From a judgment for defendant on the cross-complaint, the plaintiff appeals. *Affirmed.* By the court in banc.

*Kichler & Orndorf* and *Strong & Strong*, for appellant.
*C. A. Lincoln* and *Whiteleather & Bloom*, for appellee.

REMY, J.—Suit to quiet title to a small triangular tract of land bordering the south shore of Blue Lake in Whitley county. Location of the tract, of the lake and of adjoining tracts of land, is shown by the following plat:

In 1901, appellee purchased the tract designated on the plat as A. Tract B shown on the plat was at that time owned by Oscar Ganby, and tract C, the real estate in controversy, was not under cultivation, was unfenced, and no one, so far as appellee knew, was asserting title thereto; Ganby was making no claim to it, and actually thought it belonged to appellee. In the spring of 1901, appellee, desiring to have access to the lake for his live stock, proposed to Ganby that they join in the construction and maintenance of a fence, which would be an extension of appellee's east line fence north to the lake. The proposition was accepted, and, in accordance with an agreement of the parties, the fence was at once built by appellee, Ganby furnishing the wire. Upon the completion of the fence, appellee took possession of all of tract C, cleared it, and continuously since has used and occupied the same as a part of his farm. In 1917, Ganby sold and conveyed his land to appellant. Before Ganby sold to appellant, he helped to maintain the fence, and after the sale and conveyance by Ganby, appellant shared with appellee the expense of keeping the fence in repair.

On September 4, 1923, appellant, claiming to be the owner of the tract in controversy by deed of conveyance from Ganby, commenced this suit against appellee to quiet his title thereto. In addition to an answer in denial, appellee filed a second paragraph setting up, in substance, the above facts; he also filed a cross-complaint

based upon same facts pleaded in special answer, and asked that the title to the real estate be quieted in him. A·reply in denial to the special answer, and an answer in denial to the cross-complaint, closed the issues.

Upon request, the court found the facts specially. The findings are that the record title of appellant is incomplete, and that appellee, prior to the commencement of the suit, had been in actual, open, notorious, hostile, adverse, continuous and uninterrupted possession under claim of ownership for more than twenty years. Based upon these findings, the court stated its conclusions of law to be with appellee, and rendered judgment for him on his cross-complaint.

The cause was tried May 2, 1924, and was by the court taken under advisement until September 27, 1924, at which time, and before the court made its finding, appellee, over appellant's objection, was granted leave to file an amended cross-complaint. To the amended cross-complaint, no demurrer was filed.

Alleged errors assigned and properly presented are: (1) Overruling demurrer to second paragraph of answer; (2) permitting appellee to amend cross-complaint; and (3) overruling motion for new trial.

1. All defenses in a suit to quiet title being provable under a general denial, and no evidence having been admitted which would not have been admissible under the denial pleaded by appellee, appellant could not have been harmed by the action of the court in overruling demurrer to the second paragraph of answer.

2. It is wisely provided by the Code of this state that, "After trial and before final judgment, the court may, in its discretion, and upon such terms as it may deem proper for the furtherance of justice, order that any pleading be amended * * * that the pleadings may conform to the facts proved, where

the amendment will not deprive a party of any substantial right." §135 of Code of Civ. Proc., §423 Burns 1926. The amendment of the cross-complaint did not change the nature of the cross-action or of the defense, and did not enlarge or restrict the scope of the evidence. It follows that the trial court did not err in permitting appellee to amend his cross-complaint.

It is earnestly contended by appellant that the record evidence introduced on the trial shows a complete chain of title from the United States to appellant, for 3. the land in controversy. On the other hand, appellee points out defects in certain of the deeds that were introduced in evidence, and denies that the evidence establishes a complete record title; but, in our view, it will be unnecessary to discuss the question thus raised. A record title is, of course, the highest evidence of ownership, but it may, nevertheless be defeated by adverse possession. *Riggs* v. *Riley* (1888), 113 Ind. 208, 15 N. E. 253; *Herff* v. *Griggs* (1890), 121 Ind. 471, 476, 23 N. E. 279.

There is competent evidence tending to show that appellee took possession of the land with the intention of claiming it as his own; that for the purpose of 4. asserting and enforcing his claim, he built the fence, cleared the land, occupied and used it openly continuously and to the exclusion of, and in hostility to, all others for more than twenty years. It is significant that Ganby, who as appellant claims was the owner of record title at the time the fence was built, testified as a witness on the trial that he had made no claim to the land at the time the fence was erected, but, on the contrary, thought the land belonged to appellee.

There is evidence to sustain the decision of the trial court.

Affirmed.