May Term, 1846.

BROWNLEE
v.
WHITESIDES.

---

BROWNLEE, Administrator, *v.* WHITESIDES.

After the reversal of a judgment of a Probate Court on error by the Circuit Court, the Probate Court gave judgment in conformity to the direction of the Circuit Court. *Held*, that the Supreme Court had no jurisdiction in the case.

*Tuesday, June 2.*

APPEAL from the *Grant* Probate Court.

DEWEY, J.—*Whitesides* filed a claim, in the Probate Court of *Grant* county, against the estate of *Trask*, of whose estate *Brownlee* was the administrator. The administrator disputed the claim, and the parties went to trial on an agreed case. Judgment for the defendant. The plaintiff appealed to the Circuit Court, which Court reversed the judgment of the Probate Court, and remanded the cause, with instruction to the Probate Court to enter a judgment for the plaintiff on the agreed case, which was accordingly done. From that judgment the defendant appeals to this Court.

The statute authorizes any person against whom there is a judgment, decree, order, &c., of the Probate Court, to take the cause either to the Supreme Court, or to the Circuit Court, for the correction of errors in the same manner, and subject to the same laws, rules, and regulations, by and under which judgments and decrees of the Circuit Courts may be taken to the Supreme Court. And the Court to

which a cause may be thus taken from the Probate Court, has the same jurisdiction thereof, and shall entertain, hear, and determine the same, in all respects, as in cases of appeal and writs of error in the Supreme Court to correct the errors of the Circuit Courts. R. S. 1843, p. 668.

May Term, 1846.

These provisions confer upon the Circuit Courts concurrent appellate jurisdiction with the Supreme Court over the judgments, decrees, orders, and proceedings of the Probate Courts; and have, as we conceive, the effect of rendering the decision of either Court conclusive as to all matters adjudicated by it. The judgment now attempted to be reversed was rendered by the Probate Court in conformity to the decision of the Circuit Court sitting as a Court of errors. It cannot be again revised either in that Court or this. We have no jurisdiction over the cause. It must therefore be dismissed. We will remark, however, that we see nothing amiss in the judgment of reversal by the Circuit Court.

*Per Curiam.*—The suit is dismissed for want of jurisdiction.

*J. Brownlee*, for the appellant.
*W. March*, for the appellee.