Duncan and Others *v.* Duncan and Others.

The act approved *January* 12, 1850, allowing causes which originated in the Probate Courts to be taken by appeal or writ of error from the Circuit Courts to the Supreme Court, was repealed by the act creating the Court of Common Pleas.

*Thursday,*
*December* 14.

ERROR to the *Fountain* Circuit Court.

*Per Curiam.*—Bill in chancery, filed in the Probate Court of *Fountain* county, by the defendants in error against the plaintiffs. The object of the suit was to contest the validity of a certain instrument, purporting to be the last will of one *Joshua Duncan,* deceased. The defendants below answered the bill; whereupon the Court directed an issue of *devisavit vel non.* That issue was submitted to a jury, and a verdict was given for the complainants. A decree was rendered in accordance with the verdict. The defendants below removed the cause, by writ of error, to the *Fountain* Circuit Court, which Court affirmed said decree. The record before us was issued on the 10th of *November,* 1852, and filed here on the 8th of *April,* 1853. It is contended that this Court has no jurisdiction of the case.

An act approved *January* 12, 1850, allowed causes which originated in the Probate Courts, to be taken by appeal or writ of error from the Circuit Courts to the Supreme Court. Acts of 1850, p. 65. But when this record was issued and filed, the Probate Court was not in existence, nor was the act just cited in force. That Court had been superseded by a statute which was published and circulated throughout the state prior to the 1st day of *October,* 1852, entitled "An act to establish Courts of Common Pleas," &c. The latter act contains these provisions: Section 13. "An appeal shall lie from such Court of Common Pleas, in all cases, to the Circuit or Supreme Court, at the option of the party applying therefor." Section 43. "All laws and parts of laws contravening the provisions of this act, are hereby repealed from and after the 1st day of *October,* 1852." 2 R. S. 1852, pp. 18, 23. The above-quoted act of 1850 evidently contravened the former section, and was,

therefore, repealed by the latter section. There was, then, at the time the present record was issued, and this case brought here, no law authorizing causes which originated in the Probate Court or Court of Common Pleas to be taken by appeal, or writ of error, from the Circuit to the Supreme Court. In support of this view, there are two adjudications of this Court upon a statutory provision similar to the above-recited 13th section. *Brownlee* v. *Whitesides*, 8 Blackf. 80.—*Gore* v. *Gore*, 2 Ind. R. 55.

The writ of error is dismissed with costs.

*D. Newell*, for the plaintiffs.

*R. A. Chandler*, for the defendants.