Nov. Term,
1855.

THE INDIANA
MUTUAL
FIRE INSU-
RANCE CO.
v.
ROUTLEDGE.

---

THE INDIANA MUTUAL FIRE INSURANCE COMPANY *v.*
ROUTLEDGE.

If a party to a judgment, under the R. S. 1852, prosecutes to final determination an action in the Court where the judgment was rendered for a review of the proceedings upon which the judgment was founded, he can not afterward prosecute an appeal from the same judgment to the Supreme Court.

The charter of the *Indiana Mutual Fire Insurance Company* provides, that in case of a loss by fire, the assured shall give notice thereof in writing to the directors, and that the directors, upon being so notified, shall, on view, or in some other way as they may deem proper, ascertain and determine the loss, &c.; and if the assured is not satisfied with their determination, he may bring an action in the next Court to be holden for *Marion* county, and not afterwards, &c. In a suit by the assured against the company in the *Vigo* Circuit Court, to recover damages for a loss, &c., where, after having been notified as provided by the charter, they did not proceed "to ascertain and determine the loss" as therein required, *held*, that jurisdiction in such cases, was not limited to the Courts of *Marion* county, but was to be determined by the general statute in relation to suits against corporations.

In relation to actions against corporations, the general rule, under the R. S. 1852, is, that they may be instituted in any county where the corporation has an office for the transaction of business, or any person resides upon whom process against such corporation may be served.

Nov. Term, 1855.

The Indiana Mutual Fire Insurance Co. v. Routledge.

Monday, November 26

APPEAL from the *Vigo* Circuit Court.

Davison, J.—Assumpsit by *Routledge*, the plaintiff below, against the *Indiana Mutual Fire Insurance Company*. The declaration contains three counts. The first involves the material points in the cause. Hence the second and third will not be further noticed.

The first count is upon a policy against fire, dated *April* 1, 1847, by which the defendants insured the plaintiff to the amount of 800 dollars on his store, situate on lot No. 91 in the city of *Terre Haute*, for six years, commencing at the date of the policy. It is averred that the store was, on the 2d of *December*, 1850, consumed by fire, and that on the 4th of said month, the plaintiff gave to the defendants notice in writing that the property was thus consumed.

Section 10 of the act incorporating said company, provides that its directors, upon being so notified, shall, on view, or in such other way as they may deem proper, ascertain and determine the loss or damage occasioned by such fire; and if the party suffering is not satisfied by the determination of the directors, the question may be submitted to referees, or he may bring an action against the company for said loss or damage, at the next Court to be holden for *Marion* county, and not afterwards, &c. Local Laws of 1837, p. 127.

It is alleged that the company's directors failed "to ascertain and determine," as provided in the above section, and, therefore, this suit was instituted. It appears that original process in the case issued from the *Vigo* Circuit Court, against the defendants, which was directed to the sheriff of *Vigo* county, and by that officer, on the 3d of *February*, at said county, served on *Charles W. Cady*, the secretary of the company; and that on the 4th of *July* next following, similar process was served by said sheriff on *Albert Lange*, an agent of the defendants, residing and transacting business for them in said county.

The defendants, having failed to appear, were defaulted. Thereupon the cause was submitted to the Court, who assessed damages in favor of the plaintiffs, and thereon

rendered judgment, from which the defendants appeal to <span style="float:right">Nov. Term,<br>1855.</span> this Court, and for error assign as follows:

1. That the *Vigo* Circuit Court had no jurisdiction of the case, it being provided by the 10th section of the charter, that the company shall be sued in the *Marion* Circuit Court.

THE INDIANA MUTUAL FIRE INSURANCE CO. v. ROUTLEDGE.

2. That the company had its principal office at *Indianapolis;* that there was no office in *Vigo* county, and no law authorizing it to be sued in any county other than that where it had its principal office.

3. That there was no legal service in the case; no law for service on the secretary, or local agent, or any person other than the president, presiding officer, or a majority of the company's members.

4. That the judgment was improperly rendered, because there was no service of process upon a defendant residing in *Vigo* county.

To this assignment of errors, the appellee answered, that said company, heretofore, at the *March* term, 1854, of the *Vigo* Circuit Court, and before this appeal, prosecuted in said Court its bill of review of the judgment and proceedings now sought to be appealed, and in said bill assigned the same errors here assigned; and that in said Court, such proceedings were had, that the bill of review was dismissed on the merits, and the judgment now appealed from was held to be in all respects valid, and without error therein, &c. The appellants have demurred to the above answer; and the first inquiry is, does it bar the appeal?

It is contended that the errors assigned having been adjudged insufficient by the Circuit Court on bill of review, are not again examinable on appeal from the original judgment. There is an act relative to proceedings in review, which provides, that "any person who is a party to any judgment," &c., "may file in the Court where it is rendered, a complaint for a review of the proceedings and judgment," &c.     *     *     " The complaint may be filed for any error of law appearing in the proceedings and judgment, or for material new matter, discovered since the rendition thereof, or for both causes," &c.     *     *     " Upon

the hearing, the Court may reverse or affirm the judgment, in whole or in part, or modify the same, as the justice of the case may require, and award costs according to the rule prescribed for awarding costs in the Supreme Court, on appeal." 2 R. S., pp. 165, 166.

From these provisions, it will be seen that the mode of procedure and judgment, on review, in the Circuit Court, is in effect the same as on appeal in this Court. Here, then, are two remedies pointing to the same object, viz., the reversal of the judgment. Both are appropriate to that purpose, and the party may adopt either. But, in the present case, the appellants have already proceeded in the former remedy to final decision in the proper Court.

The law, it seems to us, will not allow them to pursue the latter remedy. Whether they could have appealed from the judgment on the bill of review or not, is a question not properly before us. What we decide is, that the answer having been admitted by the demurrer to be true, bars an appeal from the affirmed judgment. In *Brownlee* v. *Whitesides*, 8 Blackf. 80, the plaintiff had appealed from the Probate to the Circuit Court, which Court reversed the judgment of the Probate Court, and remanded the cause, with instructions to the Probate Court to enter judgment for the plaintiff, which was accordingly done; and from that judgment the defendant appealed to the Supreme Court. *Held*, that the latter Court had no jurisdiction. This case, in principle, accords with the one under consideration. The errors assigned on the record before us, have been revised and determined upon in the Circuit Court, sitting as a Court of error. We think they are not, on this appeal, subject to another revision in this Court. The demurrer must therefore be sustained.

But suppose the demurrer is not well taken, still there seems to be no sufficient ground for the reversal of the judgment. The 10th section, above quoted, it is said, requires all suits against the company to be instituted in the *Marion* Circuit Court. We are not inclined to adopt that construction. That section provides a special remedy for a case where, on notice, the directors have proceeded "*to*

ascertain and determine the amount of loss," and the assured is not satisfied with such determination. He is, then, to bring his action in the *Marion* Circuit Court. But here the directors have failed "to ascertain and determine" the loss. His remedy was therefore under the general law. It follows that the cause of action, and the parties, were properly before the *Vigo* Circuit Court.

The Supreme Court of *Massachusetts* have decided the precise question involved in the present case. In *Boynton* v. *The Middlesex Mutual Fire Insurance Company*, the language of the 7th section of the defendant's charter was identical with the above 10th section. There the company's principal office was in *Middlesex;* but an action on the policy was brought in the county of *Suffolk*, against the company, by the plaintiffs, one of whom resided in *Suffolk*. The defendants pleaded in abatement that the action should have been brought in the county of *Middlesex.* The Court held that the plea was bad. 4 Metcalf 212.

As a general rule, actions against corporations may be instituted in any county where the corporation has an office for the transaction of business, or any person resides upon whom process against such corporation may be served. This rule is applicable to the case before us. Process against the defendants was served on their agent, while residing and doing business for them in *Vigo* county. The service was therefore strictly legal. 2 R. S., pp. 35, 222.

Let the appeal be dismissed.

Gookins, J., having been concerned as counsel, was absent.

*Per Curiam.*—The appeal is dismissed with costs.

*R. W. Thompson*, for the appellants.

*J. P. Usher*, for the appellee.