Klebar *v.* The Town of Corydon.

No. 8956.

KLEBAR *v.* THE TOWN OF CORYDON.

PRACTICE.—*Appeal to Supreme Court.—Amount in Controversy.*—Under the provisions of section 550 of the civil code of 1852, as amended by the act of March 14th, 1877 (Acts 1877, Spec. Sess., p. 59), in actions originating before a justice of the peace, where the amount in controversy, exclusive of interest and costs, did not exceed the sum of $50, no appeal would lie to the Supreme Court.

SAME.—*Review of Judgment.—Appeal.*—Where an appeal lies from the judgment rendered to the Supreme Court, the party aggrieved by the judgment may either prosecute an appeal therefrom, or he may file his complaint for the review thereof; but he can not pursue both remedies, for the rule is that by his pursuit of one he waives his right to the other remedy. Where no appeal lies from the original judgment, an appeal will not lie to the Supreme Court from a judgment rendered in an action brought for the review of such original judgment.

|     |     |
| --- | --- |
| 80  | 95  |
| 135 | 229 |
| 80  | 95  |
| 139 | 78  |
| 80  | 95  |
| 146 | 584 |

From the Harrison Circuit Court.

*W. R. H. Hudson, M. W. Funk, B. P. Douglass* and *S. M. Stockslager,* for appellant.

*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

HOWK, J.—In this case the appellant files his complaint to obtain the review of a certain judgment, which the appellee, by the consideration of the court below, on the 21st day of December, 1878, recovered against him, the appellant, for certain alleged errors of law appearing in the record and proceedings of said judgment. The appellee's demurrer to the complaint for review, for the alleged insufficiency of the facts therein, was sustained by the court, and to this decision the appellant excepted. He declined to amend his complaint, and judgment was rendered against him for appellee's costs. From this judgment he has appealed to this court, and has here assigned as error, the decision of the court below in sustaining the demurrer to his complaint.

The appellee has filed in this court a written motion to dismiss this appeal, for the following reasons, to wit: " That an appeal does not lie in said cause to the Supreme Court, and

that this court has no jurisdiction to hear and determine said appeal." This motion is evidently made upon the theory that, inasmuch as an appeal could not have been taken from the judgment sought to be reviewed to this court, under the law in force at the time of the rendition of the judgment, an appeal will not lie to this court from the judgment of the circuit court, in a suit to review its former judgment, for alleged errors of law appearing in the proceedings and judgment.

The complaint for review stated, in substance, that on the 16th day of July, 1878, the appellee commenced a suit against the appellant, before a justice of the peace of Harrison county, to recover a penalty for an alleged violation of section one of a certain ordinance adopted and passed by the board of trustees of the incorporated town of Corydon on the 29th day of July, 1869 ; that in said suit the appellee demanded judgment for ten dollars ; that such proceedings were had in said cause, as that, afterwards, on August 27th, 1878, it was tried by a jury, before a justice of the peace of said county, and a verdict was returned for the appellant, on which verdict the justice rendered judgment in his favor against the appellee for his costs ; that from this judgment the appellee, on September 16th, 1878, appealed to the circuit court of the county, and that there such proceedings were afterwards had as that, at the November term, 1878, of the court, the cause was tried by a jury, and a verdict was returned for the appellee, assessing its damages in the sum of one cent ; and that, over the appellant's motions for a new trial and in arrest of judgment, and his exceptions saved, the court rendered judgment on the verdict, on December 21st, 1878, for the appellee and against the appellant, for one cent damages and the costs of suit.

The appellee's suit against the appellant was a civil action and, as it originated before a justice of the peace, and as the amount in controversy, exclusive of interest and costs, did not exceed $50, it is certain that, under the law in force at the time, an appeal could not have been taken from the judgment of the circuit court therein to this court.   Section 550, code of 1852 ;

Klebar *v.* The Town of Corydon.

Acts 1877, Spec. Sess., p. 59; *Painter* v. *Guirl*, 71 Ind. 240. But section 550 of the code was again amended by an act approved March 29th, 1879, Acts 1879, p. 168. By this amendment a proviso was added to section 550 of the code as amended by the act of March 14th, 1877, to the following effect: "*Provided, however,* That this exception shall not apply to prohibit an appeal in cases originating before a justice of the peace or mayor of a city, involving the validity of an ordinance passed by an incorporated town or city."

It may be conceded, we think, that the validity of an ordinance passed by the incorporated town of Corydon was involved in the case at bar; but it will be observed, that the proviso quoted, giving an appeal in such a case, was not enacted and did not become a law until more than three months after the rendition of final judgment in this case by the court below. It is certain, as it seems to us, that this proviso did not and could not confer upon the appellant the right to appeal to this court from the judgment of the circuit court, when no such right of appeal existed at the time such judgment was rendered.

It follows, therefore, that the question presented by the appellee's motion to dismiss this appeal must be considered and decided precisely as it would have been if the aforesaid act of March 29th, 1879, had never been passed or become a law. The question is this: In a case where, under the law in force at the time, an appeal would not lie and could not be taken from the judgment of the circuit court to the Supreme Court, could or can a party to such judgment, by filing a complaint for the review thereof for alleged errors of law therein, and appealing from the judgment of the court denying him such review, bring before this court for consideration and decision the alleged errors of law in the proceedings and judgment sought to be reviewed? In other words, in a case where, by the plain terms of the statute, an appeal would not lie from the judgment of the circuit court to this court, could or can

a party to such judgment, by bringing suit for the review thereof for supposed errors of law therein, and by appealing from the judgment of the court denying such review, thus obtain all the benefits of an appeal to this court from the original judgment of the circuit court? Can an appeal be obtained from a judgment, by such an indirect and circuitous procedure, where the statute expressly provides that an appeal will not lie and can not be taken? We are of the opinion that these questions ought to be and must be answered in the negative.

It has often been decided by this court, in cases where a party aggrieved by a judgment of the circuit court has a clear and undoubted right of appeal to this court, that he may either appeal therefrom directly to this court, or he may file his complaint for a review of the judgment in the court where it was rendered; but he can not pursue both remedies, for the rule is that, by his pursuit of one, he waives his right to the other remedy. *The Indiana, etc., Co.,* v. *Routledge,* 7 Ind. 25; *Davis* v. *Binford,* 70 Ind. 44; *Dunkle* v. *Elston,* 71 Ind. 585.

Where a party has a clear right to an appeal from a judgment of the circuit court to this court, and does not attempt to prosecute such appeal, but, instead thereof, he files his complaint for a review of the judgment in the proper court, an appeal will no doubt lie from the judgment in such suit for review to this court; but where, as in the case at bar, by the express terms of the statute, an appeal could not have been taken to this court from the original judgment of the circuit court, at the time of its rendition, and in a suit for the review of such judgment, such review is denied by the circuit court, an appeal will not lie to this court from the judgment of the circuit court in such suit for review. Any other conclusion than this, upon the point under consideration, as it seems to us, would practically repeal so much of the provisions of the code as imposes limitations and restrictions upon appeals to this court, in certain specified cases. For, if we should hold that an appeal would lie to this court from a judgment, in a suit for the review of a judgment from which, under the stat-

ute, no appeal could have been taken to this court, the practical effect of such decision would be, that, in all cases, whether originating before a justice of the peace or mayor of a city, or not, and whether the amount in controversy, exclusive of interest and costs, was more or less than $50, an appeal could be taken to this court from the judgment rendered, by merely filing in the proper court a complaint for the review of such judgment, and by appealing to this court from the judgment rendered in such suit for review.　We are well satisfied that such an effect or result was never contemplated by the lawmaking power of this State.　Section 550 of the civil code of 1852, as amended by the act of March 29th, 1879, was reenacted as section 628 of the civil code of 1881, and is now section 632 of R. S. 1881.

For the reasons given, we are of the opinion that the appellee's motion to dismiss this appeal is well taken, and must be sustained.

The appeal in this case is dismissed, at the appellant's costs.