No. 11,714.

McCURDY v. LOVE, EXECUTRIX.

DECEDENTS' ESTATES.—Judgment.—Complaint for Review.—Statute Construed.—A complaint for the review of any judgment or decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, is not authorized by the statute regulating the settlement of such estates; and, in such cases, the provisions of the civil code, for the review of judgments in civil actions, are not applicable.

From the Marion Circuit Court.

J. B. Julian and J. F. Julian, for appellant.

T. L. Sullivan, A. Q. Jones, F. Rand and J. M. Winters, for appellee.

HOWK, J.—On the 10th day of December, 1881, the appellant, McCurdy, filed a claim in the court below against the estate of John Love, deceased, of which estate the appellee Mary F. Love was and is the executrix. Such proceedings were afterwards had on the appellant's claim, as that on the 21st day of May, 1883, it was adjudged by the court that he take nothing by his suit thereon, and that the appellee recover of him her costs therein expended.

Nearly one year after the rendition of such judgment, to wit, on the 1st day of May, 1884, the appellant filed his complaint in the case in hand to obtain a review of the judgment and proceedings, for an alleged error of law appearing therein. The appellee's demurrer to the complaint for review, for the alleged insufficiency of the facts therein to constitute a cause

of action, was sustained by the court, and to this ruling the appellant excepted. He declined to amend or plead further, and the court rendered judgment against him for the appellee's costs.

The only error assigned here by the appellant is the decision of the court in sustaining the demurrer to his complaint for review.

The point is made by appellee's counsel, and pressed with much earnestness, that a complaint to review the proceedings and judgment, upon a claim against a decedent's estate, is not authorized by the statute regulating the settlement of such estates; and that the provisions of the civil code (section 615, R. S. 1881), in relation to the review of judgments in civil actions, are not applicable to judgments rendered upon claims against a decedent's estate. If this point is well taken, it is clear from our statement of the case in hand, that no available error was committed by the court in sustaining appellee's demurrer to the appellant's complaint for review. This is so, even if it be conceded that there are manifest errors of law in the proceedings and judgment sought to be reviewed. In section 2454, R. S. 1881, it is provided that "Any person considering himself aggrieved by any decision of a circuit court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate, may prosecute an appeal to the Supreme Court," etc. The statute regulating the settlement of decedents' estates contains no provision authorizing the filing of a complaint for the review of any decision growing out of any matter connected with such an estate in the court where such decision was made or rendered; but the only statutory remedy of the party aggrieved by any decision, in such a cause or matter, is the one provided in section 2454, *supra*, "an appeal to the Supreme Court."

It is settled by the decisions of this court, that the provisions of the civil code, in relation to appeals to the Supreme Court from judgments in civil actions, are not applicable to and do not govern appeals from "any decision of the circuit

court, or judge thereof in vacation, growing out of any matter connected with a decedent's estate;" but that these latter appeals are governed and controlled by the provisions of the statute, regulating the settlement of decedents' estates. Sections 2454 to 2457, R. S. 1881; *Seward* v. *Clark*, 67 Ind. 289; *Bell* v. *Mousset*, 71 Ind. 347; *Bake* v. *Smiley*, 84 Ind. 212; *Taylor* v. *Burk*, 91 Ind. 252; *Yearley* v. *Sharp*, 96 Ind. 469. In the case last cited it was held that where the appeal is taken under the statute providing for the settlement of decedents' estates, the transcript must be filed in this court, at the latest, within twenty days after the decision complained of is made, unless, " for good cause shown," this court should direct such appeal to be granted at any time within one year after such decision. Manifestly, therefore, at the time the appellant filed his complaint for review in the case at bar, he could not have prosecuted an appeal to this court from the judgment sought to be reviewed, for the reason that at that time nearly one full year had elapsed after the rendition of such judgment.

Where a party aggrieved by a judgment of the circuit court, in a civil action, has a clear right of appeal to this court, he may either prosecute such an appeal, or he may file his complaint for a review of the judgment in the court where it was rendered; but he can not pursue both remedies, for the rule is settled in this court that by his pursuit of one, he waives his right to the other remedy. *Indiana, etc., Co.* v. *Routledge*, 7 Ind. 25; *Davis* v. *Binford*, 70 Ind. 44; *Dunkle* v. *Elston*, 71 Ind. 585; *Traders Ins. Co.* v. *Carpenter*, 85 Ind. 350.

Where, from lapse of time or other cause, a party aggrieved by a judgment of the circuit court can not prosecute an appeal therefrom to this court, can he maintain an action for the review of such judgment for alleged errors of law appearing therein in the court where the same was rendered? This question was answered by this court in the negative, and,

we think, correctly so, in *Klebar* v. *Town of Corydon,* 80 Ind. 95.  It was there held substantially, that where, by the plain terms of the statute, an appeal can not be taken from the judgment of a circuit court to this court, and where a review of such judgment, for alleged errors of law appearing therein, has been denied by the judgment of such circuit court, an appeal will not lie to this court from the latter judgment.

We conclude, therefore, that a complaint for the review of any judgment or decision of a circuit court, growing out of any matter connected with a decedent's estate, is not authorized by the statute regulating the settlement of such estates, and that the provisions of the civil code, for the review of judgments in civil actions, can not be held applicable to such cases as the one now before us.  Any other conclusion than this, upon the point under consideration, would render nugatory and practically annul the limitations and restrictions imposed by the statute upon appeals to this court from the judgment or decision of a circuit court, or judge thereof in vacation, "growing out of any matter connected with a decedent's estate."  For, while such appeals must be perfected at the latest, under the statute, within twenty days after the decision complained of is made, a complaint for the review of a judgment in a civil action, for error of law appearing therein, may be filed under the civil code at any time within one year after the rendition of the judgment.

For the reasons given, we are of opinion that the court, in sustaining the demurrer to the appellant's complaint for review, committed no error which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Sept. 16, 1884.