Ex Parte John Kiley and Thomas Slatterly.

Filed Oct. 18, 1893.

---

No. 17,055.

Ex Parte John Kiley and Thomas Slatterly.

Jurisdiction.—*Review of Judgment.*—*Appeal From.*—*Jurisdiction Follows Original Action.*—*Appellate Court.*—*Supreme Court.*—Jurisdiction, on appeal from a proceeding in review of judgment, follows the jurisdiction of the action sought to be reviewed, and if an appeal from the judgment in the original action would have been in the Appellate Court, jurisdiction of an appeal from a proceeding to review the judgment will be in the Appellate Court, and the same is true as to the Supreme Court.

Judgment.—*Review of.*—*Nature of.*—*Jurisdiction.*—Bills of review are so far in the nature of petitions for a rehearing that they can not be independent of the original action in the sense of giving new character to the subject-matter in litigation, and of invoking a jurisdiction forbidden to the original action.

From the Grant Circuit Court.

Vol. 135—15

*J. A. Kersey, B. K. Elliott* and *W. F. Elliott,* for petitioners.

*J. E. Strange* and *E. A. Huffman,* for remonstrator.

HACKNEY, J.—The petitioners pray the issuance of the writ of *mandamus* to enforce the transfer, etc., to this court, of the record and proceedings in cause numbered 814, of the files of the Appellate Court of Indiana, and entitled John Kiley and Thomas Slatterly against Reuben Murphy.

The petitioners show, that in January, 1889, said Murphy instituted an action in the Grant Circuit Court for the recovery of $1,103.50, on account for broken stone sold and delivered; that upon the trial he received a special verdict, in which his claim was found to be $608.80; that on motion in that cause the court rendered judgment on the special verdict, for these petitioners.

In November, 1889, said Murphy sued the petitioners for the review of said judgment, and succeeded in said suit, from the decree in which the petitioners appealed by the record so numbered 814, now of the files of said Appellate Court. The record in that appeal was filed with the clerk of this court, who is *ex officio* clerk of the Appellate Court, and who, presuming that the cause was of the jurisdiction of that court, distributed the record to one of its judges for consideration and opinion.

On the 12th day of May, 1893, that court rendered an opinion affirming the judgment of the Grant Circuit Court, and, on the 23d day of May thereafter, these petitioners moved the Appellate Court to set aside its opinion and judgment and transfer the record to this court, upon the alleged ground that said Appellate Court had no jurisdiction to entertain said appeal. This motion the Appellate Court refused, and its opinion upon the merits of the appeal was certified to the Grant Circuit Court as

in other cases. Pending the issue now before us, we have restrained the enforcement of the judgment against the petitioners.

In very able briefs, the petitioners submit to us the question as to the jurisdiction of the Appellate Court to entertain an appeal from proceedings for the review of the judgment of the lower court.

The positions taken by counsel are, that, by the act creating the Appellate Court, jurisdiction is withheld from that court in all suits in equity; that prior to June 18th, 1852, the bill of review was an equitable remedy, and had no recognizance in actions at law. To these propositions are cited, with numerous authorities, the following from said act:

"*Second.* The Appellate Court shall not have jurisdiction of suits in equity, hereby meaning by the terms 'suits in equity,' such cases as were known and recognized prior to the 18th day of June, 1852, as suits of equitable recognizance, and wherein specific decrees are appropriate and essential." Acts 1893, p. 30.

The cases cited are to the point that prior to the 18th day of June, 1852, the proceeding to review was a suit in equity, and known and recognized as suits of equitable recognizance. With these cases we have no discussion; on the contrary, we fully concur with all of them. But when we remember that prior to the 18th day of June, 1852, judgments at law were not the subject of review by the chancellor upon the bill of review, we may not so readily misapply the rule contended for by the petitioners.

No case is cited, and our search has been in vain to find a single case, where the courts of chancery, by this remedy, reviewed a judgment at law, such as the judgment brought in review in the Grant Circuit Court.

The bill of review was instituted as a remedy by which

the trial court might correct its own errors after the completion of its rolls.   One of its essential features was that the remedy should be applied in the same court which committed the error.   In no instance has one court employed the remedy to review the action of a court of an entirely different character, and possessing jurisdiction of an essentially different type.   In one or two instances, one chancellor has applied this remedy to the decree of another chancellor, but the practice was not accepted with favor among the courts of chancery, and we have no doubt that it was clearly in violation of the purpose of the remedy.

If the remedy by proceedings to review were of such character that the chancery courts had extended it to judgments at law, it is a pertinent inquiry as to whether the proceedings became so far a part of the original cause as to be governed by the character of that cause. It is here insisted, by the learned counsel for the petitioners, that this court has held, in *Brown* v. *Keyser*, 53 Ind. 85; *Leech* v. *Perry*, 77 Ind. 422, and *Keepfer* v. *Force*, 86 Ind. 81, that the bill of review is an independent and original proceeding, and that, therefore, its character, as an equitable remedy, is unmixed with, and wholly apart from, that of the original action or suit.

The cases cited do hold that in the review proceedings no new steps may be taken in the original action.   In that sense they are independent, and the same may be said of an appeal from the original judgment.   There, the record is not to be enlarged by new and distinct proceedings.

In both, the alleged errors depend upon the record as made in the original cause, and in both new steps affecting the subject-matter of the original cause are taken only in the original suit or action.   Bills of review are so far in the nature of petitions for a rehearing, that

they can not be independent of the original action in the sense of giving new character to the subject-matter in litigation, and of invoking a jurisdiction forbidden to the original action. If the independence of the bill claimed for it by the petitioners could be maintained, we would have the anomalous practice of permitting the shifting of jurisdiction by seeking a revision of the judgment, and in permitting an appeal to one court for the review of errors, which otherwise would be the subject of review in another court of appeals, or would not be the subject of appeal at all.

This confusion of jurisdictions can not be upheld, and upon this question we are supported by the decisions of this court.

In *Klebar* v. *Town of Corydon*, 80 Ind. 95, it was held that in an action originating before a justice of the peace, where the amount in controversy did not exceed fifty dollars, there being no final appeal to this court, proceedings to review the judgment therein would not become the subject of an appeal to this court. In other words, the proceedings to review did not give new character to the subject-matter of the litigation in the original cause, and thereby bring the interests of the parties within the jurisdiction of this court for revision, nor were such proceedings so far independent of the original action as to take on a character different from that of the original cause, and thereby invest them with new elements invoking a different jurisdiction from that attaching to the original action. See, also, *McCurdy* v. *Love, Exx.*, 97 Ind. 62.

As we have said, the remedy by review is extended to enable the trial court to revise its action where errors are claimed. The rights of the parties upon the merits of the cause, as involved in the original action, are necessarily involved in the proceeding to review. Where the

merits of the cause necessarily invoke the jurisdiction of one court, and a remedy, in effect collateral, is sought to be applied for the reinvestigation of the same cause, such remedy can not invoke another and different jurisdiction. This is the effect of the holding in *Klebar* v. *Town of Corydon, supra,* and *McCurdy* v. *Love, Exx., supra*

The Appellate Court clearly possessed jurisdiction over an appeal from the original judgment, and if the review proceedings were for the purpose of determining jurisdiction, but collateral and incidental to the original action, as we hold that they were, the jurisdiction on appeal from the review proceedings is also in the Appellate Court.   The quieting of title to real estate is an incident to proceedings for partition, and jurisdiction follows the primary or principal remedy and merges that extended to the incidental remedy.    *Wolcott* v. *Wigton,* 7 Ind. 44; *Fleming* v. *Potter,* 14 Ind. 486; *Baker, Guar.,* v. *Groves,* 126 Ind. 593; *Abernathy* v. *Allen,* 132 Ind. 84.

The same may be said as to proceedings supplementary to execution (*Carpenter* v. *Vanscoten,* 20 Ind. 50; *Harris* v. *Howe,* 129 Ind. 72), and it has been held that an application to be relieved from a judgment by default, is so far an incident to the proceedings in which the judgment was rendered as to fall within the jurisdiction to which such original proceedings belonged. *Parker* v. *Indianapolis Nat'l Bank,* 126 Ind. 595.

Upon these cases, the conclusion is irresistible that the jurisdiction in proceedings to review follow the jurisdiction of the action sought to be reviewed.

To the contrary is cited *Cole* v. *Miller,* 32 Miss. 89, where the court rendering the original decree had, by constitutional amendment, been suspended, and the business depending therein was transferred to another court. The decree having been entered and signed, the proceedings were not regarded as longer depending, and no pro-

vision having been made by legislation or otherwise for the operation of the bill of review upon such proceedings, it was held that the bill would lie in the court to which the original records had been assigned, and as an original and independent proceeding.

It is unnecessary for us to decide that the remedy is not so far independent of the original proceeding as to admit of enforcement in a court having custody of the records of the original proceeding, when such court is created after the original decree, and the court rendering such original decree has been suspended. The important question, under such a state of facts, arises upon the rule requiring the bill of review to be filed in the court rendering the decree. Whether such independence exists as to permit such filing is a question we are not asked to decide.

Having concluded, that in this State the remedy is applied in the court rendering the decree; that it involves the merits of the original action and partakes of its jurisdictional features, we must treat it as belonging to the jurisdiction and as following the jurisdiction of the original action. That far, at least, it is incident to the original action.

In either view of the case, we find that the jurisdiction upon appeal was in the Appellate Court, and the petition is denied, and the restraining order heretofore issued by this court is dissolved.

Filed Oct. 11, 1893.