## MOODY ET AL. *v.* IRWIN ET AL.

[No. 22,570. Filed February 4, 1914.]

1. HIGHWAYS.—*Improvement.*—*Appeal.*—An appeal does not lie from the judgment of the circuit court establishing a highway improvement under the provisions of §§7694-7710 Burns 1908, Acts 1905 p. 521, Acts 1907 p. 561. p. 198.

2. APPEAL.—*Judgments Reviewable.*—*Judgment in Action to Review Nonappealable Judgment.* — Where the statute provides

that no appeal can be taken from a judgment of the circuit court, there can be no appeal from a judgment rendered in an action brought for a review of such judgment.  p. 199.

From Jasper Circuit Court; *William Darroch,* Special Judge.

Action by Granville Moody and another against Schuyler C. Irwin and others.  From a judgment for defendants, the plaintiffs appeal.  *Appeal dismissed.*

*John A. Dunlap* and *W. H. Parkinson,* for appellants.
*George A. Williams,* for appellees.

SPENCER, J.—This action was commenced to review a judgment of the circuit court of Jasper County, establishing a stone road improvement under the provisions of §§7694-7710 Burns 1908, Acts 1905 p. 521, Acts 1907 p. 561.  Appellees demurred to the amended complaint for want of sufficient facts, and the demurrer was sustained. Exception was taken, and appellants declined to plead further.  Judgment was rendered against appellants for costs.  From this judgment this appeal is prosecuted, and error is assigned in sustaining the demurrer to the amended complaint.

The appellees have filed their written motion to dismiss this appeal, "That an appeal does not lie in said cause to the Supreme Court, and this court has no jurisdiction to hear and determine said appeal," which motion is made upon the theory that as an appeal could not have been prosecuted to this court from the judgment sought to be reviewed, the appellants cannot do indirectly that which under the law they could not do directly.

Section 7704 Burns 1908, Acts 1905 p. 521, provides that "Such judgment of the circuit court shall be final, and no
      appeal be allowed therefrom."  An appeal does not
1.    lie from the judgment of the circuit court establish-
      ing an improvement under the provisions of the above
statute.  *Stockton* v. *Yeoman* (1913), 179 Ind. 61, 100 N.

E. 2; *Stockton* v. *Halstead* (1913), 179 Ind. 701, 100 N. E. 82.

The question presented by the motion to dismiss the appeal seems to have been conclusively decided by this court in the case of *Klebar* v. *Town of Corydon* (1881), 80 Ind. 95, 97. "In a case where, under the law in force at the time, an appeal would not lie and could not be taken from the judgment of the circuit court to the Supreme Court, could or can a party to such judgment, by filing a complaint for review thereof for alleged errors of law therein, and appealing from the judgment of the court denying him such review, bring before this court for consideration and decision the alleged errors of law in the proceeding and judgment, sought to be reviewed? In other words, in a case where, by the plain terms of the statute, an appeal would not lie from the judgment of the circuit court to this court, could or can a party to such judgment, by bringing suit for the review thereof for supposed errors of law therein, and by appealing from the judgment of the court denying such review, thus obtain all the benefits of an appeal to this court from the original judgment of the circuit court? Can an appeal be obtained from a judgment, by such an indirect and circuitous procedure, where the statute expressly provides that an appeal will not lie, and can not be taken? We are of the opinion that these questions ought to be, and must be answered in the negative." See, also, *McCurdy* v. *Love* (1884), 97 Ind. 62; *Ex Parte Kiley and Slatterly* (1893), 135 Ind. 225, 229, 34 N. E. 989.

This appeal is dismissed at the costs of appellants.

NOTE.—Reported in 104 N. E. 10. See, also, under (1) 37 Cyc. 131.