GERKE, v. CITIZENS STATE BANK OF SPENCERVILLE, OHIO, ET AL.

[No. 10,149. Filed November 25, 1919. Rehearing denied January 27, 1920.]

1. APPEAL.—*Judgments Reviewable.—Judgment in Action to Review Judgment After Time for Appeal.*—The appellate court will review the judgment of the circuit court refusing to review a county court judgment, although the complaint for review was filed after the expiration of statutory time for perfecting an appeal from the judgment of which a review was sought. p. 331.

2. APPEAL.—*Judgments Appealable.—Acceptance of Benefits.—Estoppel.*—Where a will devising a farm to testator's son provided that testator's widow should be paid an annuity, which

Gerke *v.* Citizens State Bank—72 Ind. App. 328.

was made a charge against the farm, and the son executed a mortgage on the farm, which was foreclosed in an action wherein the widow was made a party defendant to answer as to arrearages of annuity, the amount of which was found by the court, she was not precluded from prosecuting an appeal from a judgment denying her a review of the judgment rendered in a foreclosure proceedings by the fact that during the pendency of the appeal she accepted payments of semiannual installments of annuity, since the payments were made in conformity with the will and not in discharge of any order or judgment of the court, so that the provisions of §671 Burns 1914, §632 R: S. 1881, denying the right to appeal from a judgment to any one who has received any money paid or collected thereon does not apply. p. 331.

3. WILLS. — *Validity.* — *Time for Attacking.* — An attack on the validity of a will comes too late when made nearly thirteen years after testator's death. p. 331.

4. APPEAL.—*Review.*—*Ruling on Demurrer.*—*Failure to File Memorandum.*—It was not error to sustain a demurrer to an answer if the answer was insufficient, even though no memorandum was filed with the demurrer. p. 332.

5. WILLS.—*Construction.*—*Provision to Furnish Certain Supplies to Testator's Widow.*—Where a will provided that the devisee of testator's farm should furnish his widow with hay and grain for a horse, cow and chickens, she was not entitled to recover the value of a prepared food, malted barley, which she purchased, nor for the value of grain and hay for stock which she did not keep, it not being the purpose of such provision of the will to augment her estate, but to provide for her comfort. p. 337.

6. WILLS.—*Annuity Charged to Land.*—*Sale of Land.*—*Rights of Devisee.*—Where land was mortgaged by a devisee subject to a will requiring him to pay an annuity to testator's widow, she had the same rights against the purchaser on foreclosure as she had against the devisee, and where the purchaser acknowledged her rights until the time of her death and paid all installments of annuity as they came due, her guardian was not entitled to have the judgment of foreclosure set aside, nor was such guardian entitled to judgment for the present value of future installments, there being none because of her death. p. 338.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by Mary Engel Gerke, by Theodore Gerke, her guardian, against the Citizens Bank of Spencer-

ville, Ohio, and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*S. R. Alden,* for appellant.

*William H. Leete, Dore B. Erwin* and *Elias D. Salsbury,* for appellees.

Nichols, C. J.—This was an action by appellant against appellee Citizens Bank of Spencerville, Ohio, and others, for the review of the proceedings and judgment in a suit for foreclosure of a mortgage by appellee bank against appellee Martin Gerke and wife, with others, including appellant. The relief sought was the review of said proceedings and judgment.

It appears by the record that the original judgment, the review of which is sought in this case, was rendered after motion for a new trial was overruled, February 18, 1915, and that the complaint in this case for the review thereof was filed August 18, 1915, 181 days after the judgment. It is provided by statute that appeals must be taken within 180 days from the time the final judgment is rendered, and that no appeal can be taken thereafter. It was appellant's right to prosecute an appeal from the original judgment, or to file her complaint for a review thereof. She elected to pursue the remedy of review, but at the time she filed her complaint in review she had lost her right of appeal, by reason of the expiration of the time within which she could prosecute the same. Such review having been denied by the circuit court, it is the opinion of the writer that she should not now be allowed to prosecute an appeal from the court's judgment in the review proceedings. To decide otherwise simply nullifies the statutory provisions for appeals,

as to the time within which they may be taken, and opens up a way by which the express statutory provisions relating thereto can be avoided, and appellant thereby accomplishes by indirection the purpose which she cannot accomplish by direct appeal. Such a result could not have been contemplated by the legislature. *Klebar* v. *Town of Corydon* (1881), 80 Ind. 95; *McCurdy* v. *Love, Exrx.* (1884), 97 Ind. 62; *Moody* v. *Irwin* (1914), 181 Ind. 197, 104 N. E. 10.

There being no appeal from the judgment at the time the complaint for its review was filed, appellant by her delay, in the opinion of the writer, has put her case with those cases from which there is no right of appeal from the circuit court's judgment in the review proceedings, and therefore this court is without jurisdiction, and the appeal should be dismissed. This view, however, is not concurred in by the majority of this court, and we therefore proceed to a decision of the case upon other grounds.

Appellee bank has made its motion in this court to dismiss this appeal for the reason that since the same was taken appellant, or her guardian, has accepted three payments of the semiannual installments of annuity, the same being paid appellant. Such payments were not made in discharge of any order or judgment of the court, but in conformity to the provisions of the will of Louis Gerke, deceased. §671 Burns 1914, §632 R. S. 1881, does not apply. The motion is overruled.

It is averred in the complaint for review in this cause, which covers twenty-three pages of appellant's brief, that in the original cause there was a complaint by appellee Citizens' Bank of Spencerville, Ohio, against appellee Martin Gerke;

and wife, for judgment on certain notes and fore-closure of a mortgage securing them. Others were made defendants to appellee bank's complaint, among whom was appellant, to answer as to arrearages of annuity, if any, which were due her as a legatee under the will of her husband, Louis Gerke, deceased. Appellant answered, averring such arrearages, but failing to state the amount thereof, which, however, was afterwards found by the court. She also filed a second paragraph of answer in which it seems that she undertook to challenge the title of appellee Martin Gerke to the 160-acre tract, as devisee of said Louis Gerke, deceased, claiming that the will of said deceased had been changed after his death by adding an "s" to the word "farm," thereby making it read "farms," and claiming to be the owner of the undivided-one-third of said 160 acres as undisposed of by will; but, if the averments of such paragraph of answer amount to a challenge of appellee Martin Gerke's title, it must then be an attack upon the validity of the will, which, we observe, undertook to dispose of testator's "entire worldly estate," and being made, as it was, nearly thirteen years after the death of the testator, it comes too late. *Putt* v. *Putt* (1897), 149 Ind.30,36,48 N. E. 356, 51 N.E.337.

4. To this paragraph of answer the demurrer was properly sustained. Appellee contends that the demurrer should not have been sustained because there was no memorandum therewith, but if the answer was insufficient, it was not error to sustain the demurrer thereto, even though there was no memorandum. *Grand Rapids, etc., R. Co.* v. *Jaqua.* (1917), 66 Ind. App. 113, 115 N. E. 73.

Appellee also filed a cross-complaint in such original proceeding by which she prayed an accounting as

to sums due her for feed unfurnished, and unpaid cash annuity, and fixing the present value of such feed and cash annuity for the remainder of her life, and for the foreclosure of a lien therefor, and sale of said real estate to pay the same.

Upon these issues the original cause was tried, and the complaint for review avers the facts in such original proceedings, as found by the court, so far as necessary for this decision to be substantially as follows: Louis Gerke died June 1, 1902, testate. By his will he devised to his son, appellee Martin Gerke, his farm in Adams county, Indiana, and testate's share of the personal property thereon, owned by them in partnership subject to charges thereon; to his wife, appellant herein, in trust for the use of herself and daughter Sophie, his other personal property, and his real estate in Allen county, Indiana (homestead in Ft. Wayne); and to his wife absolutely an annuity of $600, to be paid by said appellee Martin Gerke, his heirs and assigns, in half-yearly installments of $300 each from testator's death, charging said annuity, together with certain other legacies, to his children, and "the furnishing to appellant during her life with hay and grain for one horse, one cow, and all her chickens, delivered in Fort Wayne" against "said Adams County Farm" and providing that what was given his said wife, appellant, should not in any event be lessened by any debt or charge against his estate. Appellee Martin Gerke as devisee entered into possession of the land so described in the mortgage hereinafter mentioned, to wit, 160 acres, and 120 acres, both in Adams county, and thereafter, to wit, on March 12, 1912, executed three promissory notes, each in the sum of $5,600, due in two, three and four years respectively from date, and each pay-

able to appellee bank, and to secure said notes exe-
cuted a mortgage on said real estate, his wife joining
therein, the said mortgage being subject to the provi-
sions of the said will. These notes and mortgage are
the basis of this action. After the death of her hus-
band, appellant continued to reside at the homestead
in Fort Wayne with her daughter Sophie, until the
daughter's marriage in 1910, and thereafter with
other children elsewhere. She had kept no cow since
1905, no horse since 1908, and no chickens since 1910.
Appellee Martin Gerke furnished corn, oats and hay
to appellant at her home in Fort Wayne, while she
kept her cow, horse and chickens, but furnished none
for her cow after 1905, for her horse after 1908 and
for her chickens after 1910, in which years respec-
tively she ceased to keep such stock. Appellant fur-
nished in addition to the feed furnished by her son
malted barley to the amount of $128. Appellant kept
an average of 100 chickens from 1902 to 1910, and
the value of the feed per annum was $400 for such
number. The value of the feed for a horse per annum
was $144, and of feed for a cow $162. Appellee Mar-
tin Gerke never furnished hay nor grain for one horse,
one cow, nor for chickens except when she kept the
same. He credited himself as payments on said an-
nuity with his note to appellant for $500, with $500
for the stock certificate mentioned in appellant's
cross-complaint, and with $375 for a $500 bond issued
by the company issuing the stock certificates. The
note was never paid, but was by appellant surren-
dered to appellee Martin Gerke in 1910, and the stock
certificate was of no value. One thousand dollars of
similar certificates procured to be issued to appellant
for cash of hers and credits on her said annuity was
given to one of appellant's daughters, and a $400 note

to her son Theodore, and a similar stock certificate for $100 also procured to be issued to appellant by said appellee Martin Gerke was given to said Theodore. Said bond was never delivered to appellant, but was delivered by appellee Martin Gerke to his attorney to file as a claim with the receiver of the company issuing it, with instruction that it was for appellant's benefit. At the date of the finding there was due appellant on her annuity $3,003.85, and the present value of future installments of said annuity, on December 1, 1914, was $4,897.16. Appellant was, at the date of the finding, seventy-one years old. On September 25, 1912, she was adjudged of unsound mind and incapable of managing her estate, and said Theodore was appointed as her guardian, and duly qualified as such. There was due on appellee's note and mortgage sued on $8,556.80 and $262.50 attorney's fees, and yet to become due, $11,200. There were judgments against said Martin Gerke, in favor of divers persons, aggregating at the date of the finding more than $12,000.

The court stated as its conclusions of law on such facts that appellee should recover the amount of its note and mortgage and should have a foreclosure of its mortgage, which constituted a second lien on the real estate therein described, which said real estate was ordered sold to pay; that appellant had a first lien on said real estate for $3,003.85, and that said real estate should be sold to pay the same; that said real estate should be sold subject to appellant's lien for future installments of her annuity, and subject to her lien for hay, and grain for one horse, one cow, and her chickens, delivered at Fort Wayne, Indiana, should she again keep the same; that the judgments mentioned above were subsequent liens to the foregoing liens in the order of their priority; that appel-

lant was not entitled to recovery, or foreclosure, of her lien for the present value of future installments of her annuity; that she was not entitled to any lien or recovery for money expended for barley, or for the value of grain and hay for one horse, one cow, or for chickens during the time she did not keep the same; that the three credits claimed by appellee Martin Gerke on appellant's annuity should be allowed, and that she should not have a lien or recovery for the same or any part thereof. There was a judgment of recovery in favor of appellee, and in favor of appellant in harmony with the conclusions of law, with a foreclosure of liens, order of sale of the real estate described in the complaint, and for application of the proceeds of sale to the payment of liens in the order of priority.

The complaint further avers that, in such original proceedings, appellant on February 27, 1915, filed in open court her written motion to modify said judgment in each of five particulars, to wit: To include a personal judgment against appellee Martin Gerke for all sums due her under said will and her costs; to include an order of sale of the real estate described in the decree for the payment of the amount of such personal judgment; to provide for the sale of said real estate to pay the present value of future installments to become due under said will; to provide for the sale of said real estate for the payment of all sums due and to become due appellant prior to payment of any other liens; and to provide payment from the proceeds of any sale of said real estate, of all sums due or to become due appellant under said will prior to the payment to any appellee of any part of said proceeds. This motion was overruled. The complaint for review then avers that there had been no

appeal from the judgment in the original proceeding, and that the judgment was at the time of commencing the action for review in full force and effect, and that appellant's guardian had been fully authorized by the court to prosecute this action for review. Errors were averred with prayer for relief.

Appellees filed separate demurrers to the complaint for review, each of which was sustained, and this presents the errors averred in such complaint for our consideration. Such errors averred therein as we need yet to consider are those presented by appellant's "Propositions and Authorities." It is contended that appellant was entittled to recover the value of the grain by her bought and fed to her cow and chickens, and also the value of the grain and hay necessary to feed one horse and one cow and chickens whether she kept them or not. We do not concur in this contention. As to the first item, we note that there is no claim that appellee Martin Gerke did not furnish such grain as the farm produced, for the use of appellant for the purposes aforesaid, in sufficient quantities to conform to the requirements of the will, and this is all that should be expected of him under a reasonable construction of the will. The "grain" which she bought was a prepared food, being malted barley. We must interpret the will in the light of the surrounding circumstances. Louis Gerke was a retired farmer, he and his wife, appellant herein, having lived on their farm, prior to moving to Fort Wayne, for fifty years. When he made his will, he evidently had in mind that appellant was a farmer's wife, with such experiences, habits and associations as usually belong to such a life. Having bought a home in Fort Wayne, he devised this to his wife in trust for herself and an unmarried

daughter. He then gave her an annuity of $600 for her support. Knowing her habits and inclinations, he then provided that she should have a horse, a cow, and chickens, but, if she chose to keep this stock for her use, the annuity provided would not be sufficient for her needs. He therefore further provided that appellee Martin Gerke, who was the devisee of the farm, should furnish her with such grain and hay as was required for such stock, thereby relieving her of the necessity, annoyance and expense of going into the market to buy. Evidently it was not the purpose to augment her estate, but to provide for her comfort and desires with the least trouble to her. If she should not choose to keep such stock, there is no provision in the will that she should be paid the value of the grain and hay that she did not require for her comfort. *Gingerich's Estate* (1909), 226 Pa. 9, 74 Atl. 611; *Hoyt* v. *Hoyt* (1905), 77 Vt. 244, 59 Atl. 845; *Alexander* v. *Alexander* (1900), 156 Mo. 413, 57 S. W. 110; *Donnelly* v. *Edelen* (1874), 40 Md. 117.

Appellant next contends that she was entitled to a personal judgment for all sums due and unpaid on her cash annuity. We do not need to decide 6. this question, for the reason that it appears that thereafter the real estate was sold subject to all the rights of appellant under the will, including the payment of her future installments of annuity, and the right to have feed for a horse, cow and chickens if she chose again to keep them, and that from the proceeds of said sale all arrearages of annuity due her were paid into court for her use. She was therefore not harmed. Appellant contends that she should recover the present value of the future installments of annuity. The land was mortgaged subject to the provisions of the will, the mortgage was foreclosed

subject to such provisions, and the land sold subject to such provisions, leaving appellant with the same rights against the purchaser that she had against the devisee; and the purchaser, acknowledging her rights until the time of her death hereinafter mentioned, paid the installments of annuity as they came due. We do not see but that she had equitable treatment. It is suggested of record that appellant died on October 16, 1916, this appeal at that time pending in the Supreme Court, from which it was afterward transferred to this court.

If we reverse the judgment, the most that we could do would be to reverse the judgment, with instructions to the trial court to overrule the demurrers and for further proceedings. At the trial appellant's heirs or representatives could not hope to recover the present value of future installments, for there will be none, and these constitute the substantial part of appellant's claim. Other questions are presented, but we do not need to consider them. Substantial justice has been done, and the demurrers to the complaint to review were properly sustained.

The judgment is sustained.